## Stoisits, Appellant, *v.* Lehigh and New England Railroad Company.

Argued December 9, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

*Joseph E. Gehringer,* for appellant.

*George P. Orlady,* for appellee.

OPINION BY CUNNINGHAM, J., January 30, 1941:

In the latter part of April, 1935, Stefan Stoisits, claimant-appellant herein, was operated upon by Dr. Roland W. Bachman, at a hospital in Allentown, for the correction of a bilateral hernia. Replying to an inquiry relative to the purpose of the operation, the doctor testified: "A direct incomplete inguinal hernia on the left side. It was a peculiar thing about this hernia, he had a distinct split in the fascia and this did not come down through the external ring but the entire floor of

the inguinal canal was split and he had an inguinal hernia protruding there about half the size of an egg, cut horizontally, and inside of that a narrow sac like in an indirect hernia, which communicated with the peritoneal cavity. He had a small [similar?] condition on the right side but the protrusion was very slight but nevertheless he had the same split condition in the inguinal region. That was sewed up and a new floor made the same as on the left side." The witness also stated the hernias were "more or less of recent origin."

Claimant, contending the hernias had been caused by a severe strain sustained while jacking up a railroad car, in the course of his employment by the defendant company, on January 5, 1935, filed his claim-petition for compensation on June 15th. The defendant answered, denying any causal connection between the alleged strain and the hernias and averring that even if such connection could be shown claimant was not entitled to compensation because he had not given notice of his injuries to the employer, or its representative, "within forty-eight hours after the occurrence of the accident," as required by the hernia amendment of April 13, 1927, P. L. 186, to our Workmen's Compensation Act, 77 PS §652.

As a result of the hearing before a referee a disallowance of compensation was entered because the required notice had not been given. Upon claimant's appeal to the board, the action of the referee was reversed upon the ground that the evidence upon the record relative to the unusual character of the hernias took this case out of the operation of the hernia amendment and brought it within the principles announced by this court in *Pollock v. Clairton School District et al.,* 100 Pa. Superior Ct. 333, and in *Hopp v. Taub,* 117 Pa. Superior Ct. 55, 177 A. 214. The board, on July 9, 1936, substituted its findings and conclusion of law in lieu of the referee's and made an award of compensa-

tion for total disability, at the rate of $15 per week, from January 12, 1935, to continue, within the limitations of the statute, until such time as a change in disability should occur.

The defendant did not appeal from this award, but on September 12, 1936, filed its petition with the board for the termination thereof. The material paragraphs of the petition read: "Defendant avers that the disability of Stefan Stoisits resulting from the alleged hernia has completely terminated and that therefore compensation payments to him on account of the alleged accident should cease, and in support thereof states the following facts:

"Defendant has had a complete and thorough physical examination, including gastro-intestinal examination, made of the claimant. This examination discloses that his present disability, if any such exists, is due solely to a condition of colitis and chronic appendicitis and has no connection whatsoever with the hernia and the following operation, from which claimant has completely recovered."

Claimant, in his answer, denied these averments and alleged that he was totally disabled as the direct result of the hernias and the operation necessitated thereby. The issue with which we are now concerned arose out of the filing of this petition and answer.

A hearing was had before a referee on December 1, 1936, at which the employer introduced the testimony of two physicians in support of its petition for termination, and claimant, in addition to his own testimony, called two medical experts. All the medical testimony was to the effect that claimant's hernias had been successfully corrected. Even under the testimony of claimant's own expert witnesses, it was clear that his total disability, upon which the existing award was predicated, had become partial, within the meaning of Section 306(b) of the statute, 77 PS § 512.

The referee found as a fact that claimant upon the date of the hearing was suffering a "partial disability and loss in earning power of 50%" and modified the award accordingly. Upon claimant's appeal to it, the board, being of opinion that the testimony did not indicate with sufficient clearness whether the disability was attributable to the hernial condition or to other ailments unconnected therewith, remanded the record to the referee with instructions to appoint an impartial expert to examine claimant and testify to his findings. Dr. H. F. Leavitt, of Philadelphia, was selected.

The results of his examination of claimant on December 24, 1937, were thus summarized by this witness: "Diagnosis (a) Left 'sacroiliac sciatic syndrome,' [a concurrence of several symptoms in a disease]; (b) Testicular neuralgia (following herniorrhaphy), and (c) Psychoneurosis, secondary to diagnoses (a) and (b)."

The prognosis of Dr. Leavitt was that ailment (a) could be cured by treatment, and that ailments (b) and (c) "should tend to disappear in a few months."

Upon the questions of causal connection and the extent of claimant's existing disability, the witness testified: "In my opinion all three conditions are due to the trauma received. Patient has a temporary partial disability of 25 to 50% for his former type of employment as railroad laborer doing heavy work. He is now able to do full time light work that does not necessitate walking or lifting."

Upon consideration of this testimony, in connection with that already on the record, the referee made findings of fact, on April 7, 1938, to the effect that claimant since December 1, 1936, (the date of the original hearing) had been and still was suffering a partial disability "due to the injury received" and amounting to a "loss in earning power of 50%."

The referee thereupon again entered, and the board

upon claimant's appeal affirmed, an order modifying the original award, as of December 1, 1936, into an award for partial disability at the rate of $7.31 per week, to continue, within the limitations of the statute, until claimant's disability ceased or changed in extent.

When claimant appealed to the common pleas his exceptions to the action of the board were dismissed and judgment was informally entered upon the award, as modified into one for partial disability. In the course of its opinion, the court below remarked: "A careful analysis of the testimony of the impartial physician and the other testimony in the case clearly supports the award as entered."

The only question of law involved upon the present appeal by the claimant to us is whether the record contains substantial competent evidence supporting the findings of the compensation authorities.

The medical evidence, exclusive of that of the impartial expert, relative to the extent of claimant's disability, was conflicting. Several physicians called by the employer expressed the opinion he was able to return to the same kind of work he was doing when injured. Claimant's medical witnesses were of opinion he was able to do light work, and would be benefited thereby, but should be guarded against any severe increase in his interabdominal pressure.

The determination of these issues of fact was exclusively within the jurisdiction of the referee and board. Our examination of the entire record has satisfied us it contains ample substantial and competent evidence sustaining their findings. The record, however, should be completed by a formal entry of judgment: *Graham v. Hillman Coal & Coke Company,* 122 Pa. Superior Ct. 579, 186 A. 400, and *Gardner v. Pressed Steel Car Company et al.,* 122 Pa. Superior Ct. 592, 186 A. 410.

Judgment affirmed.