## Thomas *v.* James J. Skelly, Inc. et al., Appellants.

Argued June 8, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Roger B. Wood,* with him *Joseph R. Thompson,* for appellants.

*Benjamin Pomerantz,* for appellee.

OPINION BY WATKINS, J., September 17, 1964:

This is an appeal in a workmen's compensation case from an order of the Court of Common Pleas No. 4 of the County of Philadelphia, dismissing the appeal of the defendants-appellants, James J. Skelly, Inc., and Liberty Mutual Insurance Company. The claimant, William O. Thomas, suffered injuries to his right foot on November 7, 1958 while working in the course of his employment for the defendant, James J. Skelly, Inc. The Liberty Mutual Insurance Company, the defendant's carrier entered into a number of agreements with the claimant concerning the injury, finally culminating in the supplemental agreement of December 21, 1960 providing for total disability from and after December 16, 1960.

On July 24, 1961, the defendants filed a petition to modify this agreement so as to provide that the injury had resolved itself into the loss of the use of his right foot. Total compensation had been paid by

the defendants up to July 21, 1961 of $5174.50 at the rate of $37.50 weekly.

After hearings on the petition to modify the referee on May 1, 1962 dismissed the petition to modify and held the claimant to be still totally disabled as a result of the accident and entitled to payments for total disability according to the provisions of the Workmen's Compensation Act.

The defendants appealed to the Workmen's Compensation Board and on January 30, 1963, the board affirmed the referee and adopted his findings of fact, his conclusions of law and the award.

On February 19, 1963, the defendants filed an appeal from the decision of the Workmen's Compensation Board but failed to perfect it by filing exceptions within thirty (30) days from the date of the issuance of the writ of certiorari as required by the Workmen's Compensation Act. §427 of the Workmen's Compensation Act, 77 P.S. §874.

On April 30, 1963, the claimant moved to dismiss the appeal for failure to file the exceptions. On May 6, 1963, the defendants filed their delayed exceptions. On May 20, 1963, the Court of Common Pleas No. 4 of Philadelphia County, sitting en banc, dismissed the appeal. *Miles v. Masters*, 374 Pa. 127, 97 A. 2d 36 (1953). No appeal was taken from this decision. The order of the board, therefore, is in effect, a final judgment in favor of the claimant and against the defendants. *Parisi v. Freedom Oil Company*, 150 Pa. Superior Ct. 260, 27 A. 2d 255 (1942). However, in this record, there is no formal entry of judgment. *Stoisits v. Lehigh and New England Railroad Company*, 143 Pa. Superior Ct. 219, 17 A. 2d 694 (1941).

While the appeal to the court below was pending and before its disposal, a petition to the board for rehearing had been filed by the defendants on May 17, 1963. This petition is by virtue of §426 of the Work-

men's Compensation Act, 77 P.S. §871, which provides for such petition if taken before final action on the appeal. This petition was filed three days before the final disposition of the appeal by the court below. Subsequent to the action of the court below dismissing the defendants' appeal the board dismissed the petition for a rehearing on July 10, 1963.

The defendants appealed from the dismissal by the board of their petition for a rehearing to the Court of Common Pleas on August 20, 1963. The claimant filed a motion to dismiss this appeal and on November 21, 1963 the Court of Common Pleas No. 4 dismissed the appeal. This appeal followed.

The action of the board in granting or refusing a petition for a rehearing while an appeal is pending is statutory and lies within the sound discretion of the board. *Conti v. Butler Consolidated Coal Co.,* 169 Pa. Superior Ct. 276, 82 A. 2d 528 (1951). Here, while the disposition of the petition and answer was pending before the board, the court below determined the defendants' appeal. This took place three (3) days after the filing of the petition for a rehearing. The board, under the act had no power to grant a rehearing where the court had taken final action on the appeal. *Newancavitch v. Pgh. Term. Coal Corp.,* 131 Pa. Superior Ct. 391, 200 A. 137 (1938).

The questions concerning counsel fees for claimant's counsel and the correction of the award to cover payments made by the defendants to the claimant subsequent to July 21, 1961, and prior to the award are not before us in this appeal and there are proper remedies available to the parties.

Order affirmed.