Taylor et al., Appellants, *v.* Weinstein.

Argued December 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, and JACOBS, JJ. (FLOOD and HOFFMAN, JJ., absent).

*Ragan A. Henry,* with him *Myron A. Hyman,* and *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellants.

*Robert M. Borden,* for appellee.

OPINION BY WRIGHT, J., March 24, 1966:

We are here concerned with an appeal from an order of the Court of Quarter Sessions of Philadelphia County, entered June 10, 1965, dismissing an appeal from the action of the Pennsylvania Liquor Control Board in belatedly approving the transfer of a liquor license.

On September 25, 1963, Jack Weinstein filed with the Board an application for approval of the transfer of a restaurant liquor license to premises at 2847 North Twenty-Sixth Street in the City of Philadelphia. Appellants are residents of the neighborhood at Twenty-Sixth and Cambria Streets, and represent local civic and religious organizations in that area. They have been vigorously protesting the proposed transfer. A hearing took place before an Examiner of the Board on January 15, 1964. On the basis of the testimony presented at that hearing, the Board concluded that the protests should be sustained. On February 14, 1964, an order was entered that the transfer "be and it is hereby refused".

On March 4, 1964, at No. 1407 March Term 1964, the applicant for the transfer appealed to the Court of Quarter Sessions of Philadelphia County. On December 21, 1964, counsel for the applicant filed the follow-

ing request: "Will you kindly withdraw the appeal of petitioner in the above-captioned matter, and mark the case ended and discontinued". On December 31, 1964, Judge WEINROTT entered an order to that effect.

On a subsequent date, not disclosed by the record, a petition for reconsideration was presented to the Board. Appellants received no notice of the filing of this petition. Without taking additional testimony or holding further hearings, the Board entered an order on February 9, 1965, approving the transfer. If there were other contacts involving the Board and the applicant, neither has chosen to make the same a matter of record.

On March 23, 1965, the protestants appealed to the court of quarter sessions. A hearing was scheduled for June 10, 1965, at which time counsel for the applicant moved to strike the appeal as untimely. This motion was overruled and the appeal was allowed nunc pro tunc. The appeal was then dismissed on the ground that there was no abuse of discretion on the part of the Board. As previously indicated, the protestants have now appealed to this court. We find it unnecessary to pass upon all of the contentions which appellants have advanced. The order of the court below must be reversed for two reasons.

(1) The failure to give notice to appellants of the petition for reconsideration was a fatal defect. Administrative discretion must not be permitted to become administrative tyranny: *Hotchkiss Liquor License Case*, 169 Pa. Superior Ct. 506, 83 A. 2d 398. Administrative bodies are bound by the due process provisions of constitutional law and by fundamental principles of fairness: *West Penn Power Co. v. Pa. P. U. C.*, 174 Pa. Superior Ct. 123, 100 A. 2d 110. In the words of President Judge RHODES in the case cited: "Again, under rudimentary principles of due process and fair play the Commission cannot subsequently reverse a previous

order without giving notice . . . and an opportunity to be heard". The fact that appellants were permitted to appeal to the court of quarter sessions nunc pro tunc did not remedy the lack of due process before the Board.

(2) The taking of the appeal to the court of quarter sessions terminated the Board's power to grant reconsideration. It is settled law that, after an appeal has been taken, the tribunal below loses jurisdiction to proceed with the case in the absence of a statute providing otherwise. As stated in *Sowers Estate*, 383 Pa. 566, 119 A. 2d 60, quoting from an earlier case: "At common law a court of first instance is without jurisdiction to proceed with a cause after the record thereof has been removed to an appellate court. This rule still applies in the absence of a statute providing otherwise".

We are not in accord with the suggestion that decisions under the Workmen's Compensation Act are here controlling. Section 426 of that statute, 77 P.S. 871, expressly provides, that, where an appeal has been taken from any action of the Board, a rehearing may be granted by the Board at any time, not exceeding eighteen months, before the court takes final action on the appeal. There is no similar provision in the Liquor Code. Even under Section 426 of the Workmen's Compensation Act, the application for rehearing must be filed while the appeal to the court is pending: *Thomas v. J. J. Skelley, Inc.*, 204 Pa. Superior Ct. 166, 203 A. 2d 339.

In conclusion, the instant case was "ended and discontinued" by action of counsel for the applicant, approved by the court of quarter sessions. This was clearly a final determination of the matter. The subsequent abortive attempt by the Board, almost a year after its original refusal and without notice, to change its position and approve the transfer was a complete

nullity. We should not hesitate to declare it so. The Liquor Code is to be liberally construed in the interest of the public welfare and not in aid of an individual seeking the transfer of a liquor license for his private gain: *Weiss Liquor License Case,* 187 Pa. Superior Ct. 89, 142 A. 2d 385.

Order reversed.

HOFFMAN, J., took no part in the consideration or decision of this case.

---

DISSENTING OPINION BY WATKINS, J.:

The appellee on September 25, 1963, filed an application for a place to place transfer of his restaurant liquor license. The premises in question, located at 2847 North 26th Street, Philadelphia, Pa., are not within 300′ of any "restrictive" institution, under §404 of the Liquor Code, 47 PS §4-404; and they are not within 200′ of any other licensed premises, in fact, there are no other licensed premises less than a city block away. Cambria Street has commercial properties between 24th and 28th Streets; and all the four corners of the intersection of 26th Street and Cambria have store front properties. The premises in question have been long vacant and in poor condition prior to acquisition by the applicant.

The hearing was held before the board on January 15, 1964. No protest was lodged by the City of Philadelphia or its police department at the hearing or at the hearing de novo before the court. At the hearing only individual protestants appeared. There were protestants on behalf of several local organizations before the court.

The board found that the applicant was a responsible person of good reputation; that the premises complied with the statutory requirements; that the establishment was not within 300′ of a church, school, hospital, charitable institution or public playground; that

the premises are not within 200' of any place licensed for the sale of alcoholic beverages; that the area, within a radius of 500' is predominantly residential. The board in the exercise of its discretion, entered an order denying the transfer in that it would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within the radius of 500' of the applicant's premises.

The applicant appealed and while the appeal was pending decided to withdraw the appeal and petition the board for reconsideration of its order. This action was taken by the applicant on the theory that his appeal to the court would provide no remedy as the court could only reverse in the case of the clear abuse of discretion. *Tate Liquor License Case,* 196 Pa. Superior Ct. 193, 173 A. 2d 657 (1961). Upon the withdrawal of the appeal the appellee had a choice of two remedies: (1) a petition for reconsideration under the board's regulation No. 138.08 A.; (2) start over again with a new petition for transfer.

The Liquor Control Board is an administrative board and is subject to the provisions of The Administrative Code of June 4, 1929, 47 PS §2-206. *Club Oasis, Inc. Liquor License Case,* 200 Pa. Superior Ct. 439, 188 A. 2d 792 (1963). Section 35 of the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 PS §1710.35, gives the agency "the power to promulgate regulations, prescribing the practice with respect to adjudication procedure." The provision under which the applicant proceeded was Liquor Board Regulation 138.08 A., which reads as follows: "Regulation 138.08 Further hearing, rehearing, rescission or modification of orders A. Any petition for further hearing, for reopening, or for rehearing, rescission, reconsideration or modification of a Board order, shall be in writing setting forth in numbered paragraphs the findings or orders of the Board that may be involved, the points relied upon by

the petitioner, with appropriate record references and specific requests for the findings or orders desired."

The board granted the petition of the applicant and reconsidered the record as made on January 15, 1964, and after reconsideration and in the exercise of its discretion reversed its former decision and granted the transfer, holding as follows: "The Liquor Control Board, after a further review of the entire record, including the transcript of the testimony taken at the January 15, 1964 hearing, is now of the opinion that it erred in its original finding that a license at this location would detrimentally affect the welfare, health, peace and morals of the residents of the neighborhood, and now concludes that the application for transfer of a restaurant liquor license should be approved, it being clearly evident that the licensing of the applicant's premises for the retail sale of alcoholic beverages would not be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of 500 feet of the said premises."

In dealing with the Workmen's Compensation Board this Court has many times held that the board has broad powers to grant a new hearing or reconsider a decision when justice requires it. *Thomas v. J. J. Skelly, Inc.*, 204 Pa. Superior Ct. 166, 203 A. 2d 339 (1964). We have also held that the Workmen's Compensation Board, upon the grant of a new hearing, but without any new evidence being presented, may change its mind and come to a different conclusion. *Lieberman v. Sunray Drug Co.*, 204 Pa. Superior Ct. 348, 204 A. 2d 783 (1964). This is provided in §426 of the Workmen's Compensation Law, as amended, 1956, February 28, P. L. (1955) 1120, §1, 77 PS §871. This statute provided that such a petition for rehearing could be filed within eighteen months of the board's decision. Under the workmen's compensation law the appeal from an order of the Workmen's Compensation

Board to the court must be brought within twenty days after notice of the action of the board. §427 of the Workmen's Compensation Law, 77 PS §1527. But under the provision for rehearing an eighteen month period is permitted.

The period of appeal from a decision of the liquor control board is twenty days from the date of the board's opinion. The applicant appealed and it wasn't until December 21, 1964, that the appeal was withdrawn and the petition for reconsideration filed a short time thereafter. There is no time limit fixed in the board's regulation so we must determine whether, under all the circumstances in this case, it was filed in a reasonable time. Comparison with the provisions of the law under another administrative board, such as the Workmen's Compensation Board, is helpful in determining what is reasonable.

The petition for reconsideration was filed after the withdrawal of the appeal on December 21, 1964, which was more than ten months from the date of the decision of February 14, 1964, and a few days subsequent to the withdrawal of the appeal. We do not believe that this was an unreasonable time to proceed under the regulation since the matter had been properly appealed and if the protestants were not prejudiced.

There was no rehearing in this case but rather a reconsideration of the record by the board under the regulation. Notice to the protestants of the reconsideration by the board should have been given. The protestants should have received the notice of the board's decision filed on February 9, 1965, so that they would be in a position to appeal within the proper time. The record is clear that they received no notice of the petition for reconsideration but is unclear as to whether they received notice of the decision. We will therefore assume that they did not receive notice of the decision and that this constituted a prejudicial

mistake by the board so that the court below in the interest of justice properly permitted the appeal of the protestants nunc pro tunc.

The argument that the appeal to the Court of Quarter Sessions removed the matter from the jurisdiction of the liquor control board is without merit. Under the Workmen's Compensation Law a petition for rehearing can be filed before the board while the appeal is pending and without its withdrawal and the court must remand to the board for the rehearing. This may be done any time before final decision by the court. Here, the appeal was withdrawn before the petition for reconsideration was filed under the regulation.

At the hearing before the court below, the parties stipulated to the use of the liquor control board record and the court below permitted additional testimony limited to the status of the case at the time of the hearing. *Weiss Liquor License Case,* 187 Pa. Superior Ct. 89, 142 A. 2d 385 (1958). At the liquor control board hearing seventeen persons protested, nine gave testimony, while it was agreed that the testimony of the other eight would be cumulative. The only matter before the board was the exercise of its discretionary power as to whether this neighborhood, within 500' of the proposed licensed premises, was of such nature that the grant of the license would be detrimental to the welfare, health, peace and morals of its inhabitants. The decision to grant the license was clearly within the discretion of the board and the court below properly held that such discretion, under the circumstances of this case, was not abused. I would affirm the order.