Pennsylvania Tavern Association and P.U.B. L.I.C., an unincorporated association, by Robert E. Weaver, Vince ReDavid, Robert P. Latchaw, Barney Jardin, Fred Stair, Martin T. Schober, Paul Harding, William Latchaw, William Stafford, Horace Rost, Jr. and James K. Cavanaugh, Trustees Ad Litem, Plaintiffs v. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Defendant. Elemar, Inc., Garrett Hill Beverage Co., Inc., Railsplitter, Inc., and General Programming, Inc., Intervening Defendants.

Argued December 2, 1975, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*John H. Bream,* with him *Gregory M. Kerwin,* for plaintiffs.

*Sidney A. Simon,* Special Assistant Attorney General, with him *David Shotel,* Assistant Attorney General, *James P. Deeley,* Assistant Attorney General, *Harry Bowytz,* Chief Counsel, and *Robert P. Kane,* Attorney General, for defendants.

*George G. Lindsay,* for intervening defendants.

OPINION BY JUDGE MENCER, February 10, 1976:

On May 8, 1972, the Pennsylvania Liquor Control Board (Board) issued three identical citations against three Lancaster County beer distributors: Elemar, Inc., Garrett Hill Beverage Co., Inc., and Railsplitter, Inc., all trading as Thrifty Beverage. Each was charged with having "permitted a person who has an interest in another Distributor or Importing Distributor License to have an interest in your licensed business."[1]

---

1. See Section 438(b) of the Liquor Code, Act of April 12, 1951, P. L. 90, *as amended,* 47 P.S. §4-438(b), which provides that "[n]o person shall possess or be issued more than one distributor's or importing distributor's license," and Section 436(f), 47 P.S. §4-436(f), which requires that application for distributors' licenses contain or have attached thereto the statement that "applicant is the only person in any manner pecuniarily interested in the business so asked to be licensed, and that no other person shall be in any manner pecuniarily interested therein *during the continuance of the license* . . . ." (Emphasis added.)

On August 25, 1972, the Board suspended all three licenses for a period of twenty-one days or until such time as all of the illegal interests had been divested. The licensees appealed to the Court of Common Pleas of Lancaster County, which sustained the suspensions. A subsequent appeal to this Court was withdrawn.

On November 14, 1974, the Pennsylvania Tavern Association and P.U.B.L.I.C., an unincorporated association, by eleven individual licensees of the Board, (plaintiffs) brought this collateral action in mandamus in the Court of Common Pleas of Dauphin County to compel the Board to enforce the original court-approved orders and penalties. It was stipulated of record that, on January 15, 1975, the Board, on petition of the licensees, took action to vacate the suspension of their licenses and to modify the penalty to a fine of $1,000 in each case. This action by the Board was directly contrary to the order of the Court of Common Pleas of Lancaster County and to the prayer of the complaint in mandamus now being considered by this Court.

On September 19, 1975, following the close of pleadings, the plaintiffs filed a motion for judgment on the pleadings. We have now received briefs and heard arguments relative to this motion and conclude that the motion has merit and should be granted.

The order of the Court of Common Pleas of Lancaster County filed in this case is as follows:

"AND NOW, October 19, 1973, for the foregoing reasons, the order of the Pennsylvania Liquor Control Board of August 25, 1972 suspending the licenses of Elemar, Inc. t/a Thrifty Beverage, Garrett Hill Beverage Co., Inc. t/a Thrifty Beverage, and Railsplitter, Inc. t/a Thrifty Beverage, for twenty-one days and thereafter until persons other than the licensees had been divested of all interests in the licensed premises, is sustained, and the appeals in these cases are dismissed."

This unappealed order of the Court of Common Pleas was clearly a final determination of the matter.[2] The subsequent attempt by the Board to change its position and to vacate the suspension of the licenses issued to the three beer distributors involved here and to modify the penalty to a fine was a complete nullity. We, like the Superior Court in *Taylor v. Weinstein*, 207 Pa. Superior Ct. 251, 217 A.2d 817 (1966), will not hesitate to declare it so.

Therefore, we make the following

ORDER

Now, this 10th day of February, 1976, the paintiffs' motion for judgment on the pleadings is hereby granted, and the Prothonotary of this Court is directed to enter judgment in favor of the plaintiffs and against the defendant. It is further ordered that the Pennsylvania Liquor Control Board reinstate its order of August 25, 1972, which suspended Elemar, Inc., Garrett Hill Beverage Co., Inc., and Railsplitter, Inc., all trading as Thrifty Beverage, for a period of twenty-one days or until such time as all illegal interests are divested, and all subsequent inconsistent orders of the Pennsylvania Liquor Control Board are hereby set aside.

---

2. Although the order of October 19, 1973 was appealed to this Court, the licensees thereafter, on August 19, 1974, withdrew their appeals.