## Stanford Balin, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Hi-Jop Meats, Inc., Respondents.

539

Submitted on briefs, January 11, 1979, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers, Blatt, DiSalle, Craig and Mac-Phail.

*C. George Milner,* for petitioner.

*Sharon F. Harvey,* with her *Swartz, Campbell & Detweiler,* for respondent.

Opinion by Judge Wilkinson, Jr., February 21, 1979:

Before us is a motion to quash a petition for review filed by petitioner (claimant) of an order of the Workmen's Compensation Appeal Board (Board) which denied claimant's petition for a rehearing. The matter has been submitted on briefs wherein respondent-employer contends this appeal is improper under

Section 426 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §871. We will grant the motion.

Claimant sustained a work related injury on April 5, 1976 when the last joint of his thumb was severed by a bandsaw. Surgical repair was done and claimant's total disability compensation ended June 1, 1976 when claimant returned to work with no loss of earning power. On June 9, 1976 claimant filed a petition seeking specific loss benefits alleging "amputation of a substantial portion of first phalange of the right thumb." Following a hearing the referee found that although claimant was unable to feel hot or cold or pressure in his thumb he was able to use the thumb and concluded that the claimant had not at that time lost the use of the thumb for all practical intents and purposes. Accordingly, the referee ordered a suspension of compensation pursuant to Section 306(b) of the Act, 77 P.S. §512, and dismissed the claim for compensation under Section 306(c)(24), 77 P.S. §513. On appeal the Board affirmed the referee. Claimant failed to perfect a timely appeal to this Court and the appeal was dismissed by order of President Judge BOWMAN on August 21, 1977. On November 15, 1977, claimant filed the petition for rehearing at issue here which was denied by the Board.

Section 426 of the Act provides, "The board, upon petition of any party and upon cause shown, at any time before the Commonwealth Court to which an appeal has been taken . . . shall have taken final action thereon, may grant a rehearing. . . ." The petition for a rehearing was filed in this case almost three months after final action was taken by this Court. It is well-settled that the Board has no statutory power to grant a rehearing where the court has taken final action on the appeal, and this rule obtains even where the "final action" is dismissal for failure to perfect

an appeal. *See Thomas v. James J. Skelly, Inc.,* 204 Pa. Superior Ct. 166, 303 A.2d 339 (1964).

Accordingly, we will enter the following

ORDER

AND Now, February 21, 1979, upon consideration of respondent's motion to quash the above petition for review and the petitioner's answer thereto, said motion is hereby granted.