534 A.2d 1144

Jayne A. King, Administratrix of the Estate of Phillip A. King, Deceased, Petitioner *v.* Workmen's Compensation Appeal Board (Mackintosh Hemphill), Respondents.

Submitted on briefs October 9, 1987, to Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

58

 

*Miles A. Kirshner, Rosenberg, Kirshner, P.A.*, for petitioner.

*Charles E. Boyle, Campbell, Sherrard & Burke, P.C.*, for respondent.

OPINION BY SENIOR JUDGE NARICK, December 17, 1987:

Jayne A. King, Administratrix of the Estate of Phillip A. King, Deceased (Petitioner) has filed a petition for review with this Court seeking an order granting a rehearing or remand to the referee for the purpose of reopening the record for presentation of evidence regarding alleged Occupational Safety and Health Administration (OSHA) citations received by the deceased's employer, Mackintosh Hemphill Company (Mackintosh). For the reasons set forth below, we affirm the order of the Board and deny the request for rehearing.

The relevant facts are as follows. The deceased was employed as a general laborer, cut-off saw operator and roll centerer in the machine shop by Mackintosh at its Pittsburgh plant during the period April 2, 1975 until May 16, 1981. On June 10, 1981 the deceased died. An autopsy performed concluded that the cause of death was arteriosclerotic cardiovascular disease. Petitioner filed a fatal claim petition with the Bureau of Workers' Compensation. It was Petitioner's position before the referee that her husband's death was a result of silicosis and that this silicosis was acquired by her husband in the dirty and dusty work environment of Mackintosh. On or about January 16, 1985, the referee issued a deci-

sion concluding that Petitioner failed to establish that her husband was either employed in an occupation or industry which constituted an occupational disease hazard or exposed to an occupational disease hazard during his employment with Mackintosh. Petitioner appealed and the Board, pursuant to a decision and order issued on or about September 12, 1986, affirmed the referee. The Board also noted in its decision that Petitioner had requested at oral argument a remand because the referee did not consider the case of *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Co.)*, 81 Pa. Commonwealth Ct. 270, 473 A.2d 260 (1984), *aff'd* 514 Pa. 450, 525 A.2d 1204 (1987). The Board determined that a remand was not warranted because no evidence was presented that decedent's occupational exposure aggravated any pre-existing condition.[1]

The sole issue presented for our consideration is whether a rehearing should be granted for the purpose of presenting information regarding alleged OSHA citations received by Mackintosh.[2] Petitioner asserts that

---

[1] The Supreme Court affirmed the Commonwealth Court's holding in *Pawlosky* that a claimant was entitled to worker's compensation benefits where the evidence established that work-related agents had aggravated a pre-existing condition which rendered the claimant totally disabled.

[2] Petitioner, in her petition for review, requests that a rehearing be granted, or in the alternative, Petitioner also asserts that the referee's decision which was affirmed by the Board should be reversed and remanded because the referee's decision represents a capricious disregard of competent evidence. There is no argument presented by Petitioner *in her brief* that the referee's decision which was affirmed by the Board represents a capricious disregard of the evidence; therefore, we will not consider this issue. See Pa. R.A.P. 2116, 2118 and 2119. We also note that the correct standard of our review is limited to determining whether or not an error of law was committed, constitutional rights were violated, or findings of fact are unsupported by substantial competent evidence. *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

this Court has jurisdiction of the instant matter pursuant to 42 Pa. C. S. §763 which provides that the Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of government agencies. We are limited in our review of government agency action to a determination of whether there has been a violation of constitutional rights, an error of law has been committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Kirkwood v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

Section 426 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §871 provides as follows:

> The board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallowance of compensation or other order or ruling or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance or other order or ruling, or has sustained or reversed any action of the referee. Provided, however, that nothing contained in this section shall limit or restrict the right of the board, or a referee to review, modify, set aside, reinstate, suspend, or terminate, an original or supplemental agreement, or an award in accordance with the provisions of Section 413 of this article. (Footnote omitted.)

Hence, the authority of the Board to grant a rehearing is statutory and within the Board's sound discretion. *See Helverson v. Workmen's Compensation Appeal Board (Central Foundry Co.),* 76 Pa. Commonwealth Ct. 286,

463 A.2d 1243 (1983). *Also see Lieberman v. Sunray Drug Co.,* 204 Pa. Superior Ct. 348, 204 A.2d 783 (1964), *cert. denied* 382 U.S. 819 (1965).

In the case at hand, Petitioner has made no request for rehearing to the Board regarding introduction of these OSHA citations allegedly issued against Mackintosh. We cannot, in the first instance, consider this matter. *See Hawkey v. Workmen's Compensation Appeal Board (Shenango, Inc.),* 56 Pa. Commonwealth Ct. 379, 425 A.2d 40 (1981).

Accordingly, for the reasons set forth herein, we must dismiss Petitioner's request for rehearing.

ORDER

AND NOW, this 17th day of December, 1987, Petitioner's request for rehearing is hereby denied and the order of the Board in the above-captioned matter is hereby affirmed.

Judge PALLADINO concurs in the result only.