Henry THISSEN, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (TRI–BORO CONCRETE, INC., Gates McDonald, and Inservco Insurance Services), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 26, 2003.

Decided Feb. 17, 2004.

Fred H. Hait, Carlisle, for petitioner.

Andrew T. Kravitz, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Henry Thissen (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of the Workers' Compensation Judge (WCJ) denying Claimant's request for benefits. We affirm the decision of the Board and deny Claimant's request for a rehearing. We also deny Employer's motion to dismiss.

Claimant filed a claim petition alleging that he sustained a work-related back injury on October 24, 2000 while unloading construction materials for Tri–Boro Concrete (Employer). In his initial testimony to the WCJ, Claimant maintained that he informed Doug White, Gary Kelley and Glen Rexroth, all of who worked for Employer of his injury on October 24, 2000. In subsequent testimony, Claimant admitted that he did not inform Rexroth or Kelley of his injury, but still maintained that he told White of his injury by phone on October 24, 2000. Although the two discussed other matters, Claimant maintained that he informed White of his injury and asked White to remain at Employer's plant until he returned so that he could complete an injury report. According to Claimant, however, White was driving away when he drove into the plant.

White testified that he did speak with Claimant on October 24, 2000 but that at no time did Claimant inform him of an injury or ask him to remain at the plant so that he could complete an injury report. According to White, the phone conversation concerned Claimant's complaint of not receiving a lunch break that day.

Another Employer witness, Randy McNew testified that he spoke with Claimant on October 25, 2000 and that Claimant complained about the load he was being required to deliver on that day. The two

argued about the load Claimant was to perform and Claimant informed McNew that he would not take the load assigned to him and that he was returning home. McNew testified that at no time did Claimant inform him that he had been injured the previous day nor did Claimant indicate that he was going home as a result of the alleged injury.

McNew stated that after Claimant left work he telephoned White who told him to call Claimant and advise him that if he did not return to work he would be terminated. McNew then informed Claimant that he was fired and at that time Claimant told McNew that he had sustained a work-related injury.

As to his medical condition, Claimant presented the testimony of Dr. Beutler, who testified that the October 24, 2000 incident had a great effect on Claimant's underlying condition of spinal stenosis. Dr. Beutler acknowledged that he did not review any of Claimant's prior medical records and that his opinion was based strictly on Claimant's representation. Dr. Beutler also admitted that Claimant's spinal stenosis condition alone could cause Claimant's disability.

Claimant also introduced the medical testimony of Dr. Dell, who also did not review Claimant's medical records from 1984 through 1986. It was his understanding, however, that as of 1996, Claimant was fully disabled as a result of his spinal stenosis. Dr. Dell conceded that he could not produce any records showing that Claimant had ever recovered from his total disability of 1996.

Employer presented the medical testimony of Dr. Baker who reviewed Claimant's past medical records. The records indicated that Claimant suffered a continued progression of disability due to his spinal stenosis. Other doctors found Claimant disabled due to the spinal steno-sis in 1993 and 1996 and there was no evidence that Claimant has ever recovered from the spinal stenosis. According to Dr. Baker, if an incident occurred on October 24, 2000, it had no affect on Claimant's underlying spinal stenosis condition, which is degenerative and the cause of Claimant's current disability.

After reviewing the testimony, the WCJ credited the testimony of Employer and its witnesses and concluded that Claimant did not suffer a work-related injury. In addition, the WCJ found the testimony of Claimant's doctors not credible and credited the testimony of Employer's doctor and determined that even if Claimant had sustained a work-related injury, it had no affect on Claimant's underlying stenosis condition, which condition is currently disabling Claimant. The WCJ denied Claimant's request for benefits and Claimant appealed to the Board, which affirmed the decision of the WCJ.

On appeal to this court, we will initially address Employer's motion to dismiss. Employer claims that Claimant has raised issues that were not raised before the Board and that the appeal should therefore be dismissed. Employer, acknowledges however, that Claimant has properly preserved at least one issue for appellate review and, as such, we decline to grant Employer's motion to dismiss and will address those issues properly before us.

■ Claimant argues that the WCJ failed to consider the November 9, 2001 deposition testimony of his witness, Kevin Rouner and also failed to consider Claimant's deposition testimony of November 9, 2001. Claimant contends that had the WCJ considered such testimony, it would have shown that Claimant suffered a work-related injury and timely reported it to his Employer.

Initially, we note that as Claimant correctly maintains his deposition of November 9, 2001 and the deposition of Rouner are not listed as exhibits in the WCJ's decision. Moreover, although the WCJ references Claimant's testimony, he does not specifically reference the November 9, 2001 deposition. In addition, the WCJ fails to mention the deposition testimony of Rouner in his findings of fact or anywhere else in his decision. Although the Board in its opinion cites portions of Rouner's testimony and states that the testimony supports rather than refutes Employer's testimony, Rouner's deposition is not part of the certified record.

Inasmuch as Rouner's deposition is not contained in the certified record, we agree that the WCJ could not and did not consider it and as such erred. Although Claimant requests that this case be remanded to the WCJ for consideration of the deposition testimony, we decline to do so because the WCJ denied benefits not only because Claimant failed to prove that he sustained a work-related injury but also because Claimant did not meet his burden of proving that he is disabled due to the work-related injury.[1]

■ With respect to the disability, the WCJ credited the testimony of Employer's medical witness over that of Claimant's medical witnesses and determined that any disability Claimant suffers from is not due to his work-related injury but caused by his underlying stenosis condition and that the work-injury had no affect on the condition.

■ Claimant did not challenge this finding on appeal to the Board and issues not raised before the Board cannot be raised for the first time on appeal. *Roccuzzo v. Workers' Compensation Appeal Board (School District of Philadelphia)*, 721 A.2d 1171 (Pa.Cmwlth.1998). As such, we will not address it. Additionally, Claimant's argument that the WCJ did not issue a reasoned decision in accordance with Section 422(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 834 was also not raised before the Board and as such the issue is waived.

■ Finally, we also address Claimant's request that we issue an order granting a rehearing before the WCJ for the purpose of reopening the record for presentation of evidence regarding a final investigative report issued by the Occupational Safety and Health Administration. Claimant maintains that he received the report after the WCJ's hearing but before the Board issued its decision.

■ We observe that the authority to grant a rehearing is statutory and within the Board's sound discretion. *King v. Workmen's Compensation Appeal Board (Mackintosh Hemphill)*, 112 Pa.Cmwlth. 57, 534 A.2d 1144 (1987). Specifically Section 426 of the Act, 77 P.S. § 871 provides in relevant part:

> The board, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the board has made an award or disallow-

---

1. Acknowledging that the WCJ's failure to consider the depositions may be harmless error because the WCJ did not credit the testimony of his medical witnesses, Claimant nonetheless argues that a remand is still necessary because the WCJ's failure to consider the depositions may have influenced not only his credibility findings with respect to Claimant, but also his credibility findings concern-

ing the medical experts. The reasons stated by the WCJ, however, for not crediting the testimony of Claimant's medical witnesses are that they did not review Claimant's medical history or medical records and they also admitted that Claimant had been disabled as of 1996 and there was no evidence indicating that Claimant had ever recovered from that disability.

ance of compensation or other order or ruling, or upon which the board has sustained or reversed any action of a referee; but such rehearing shall not be granted more than eighteen months after the board has made such award, disallowance or other order or ruling, or has sustained or reversed any action of the referee.

This court in the first instance cannot consider a request for rehearing without such determination first being made by the Board. *King.*

As such we dismiss Claimant's request for a rehearing and affirm the Board's decision denying Claimant's petition for benefits. Employer's motion to dismiss is denied.

### ORDER

Now, February 17, 2004, the order of the Workers' Compensation Appeal Board in the above-captioned matter is affirmed and Claimant's request for a rehearing is denied. Employer's petition to dismiss is denied.