IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hector Garcia,                              :
                                            :
                    Petitioner              :
                                            :
          v.                                : No. 969 C.D. 2021
                                            : Submitted: March 10, 2023
Bravo Group Services, Inc.                  :
(Workers' Compensation                      :
Appeal Board),                              :
                                            :
                    Respondent              :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  August 7, 2023


          Hector Garcia (Claimant) petitions for review of the order of the
Workers' Compensation Appeal Board (Board) affirming the decision of a workers'
compensation judge (WCJ) that denied and dismissed his Claim Petition for benefits
under the Workers' Compensation Act (WC and Act, respectively).[1]  We affirm.

          On November 15, 2018, Claimant filed a Claim Petition in which he
alleged, *inter alia*, that he suffered an injury in the nature of "[a]ggravation of
pre[]existing asthma" on September 5, 2018, because he "was repetitively and

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2710.

regularly exposed to fumes in the work[]place" while in the course and scope of his employment as a site manager for Bravo Group Services, Inc. (Employer). Reproduced Record (RR) at 3a-5a. On January 2, 2019,[2] Employer filed an Answer to Claim Petition denying all of the material allegations raised therein. *See* Certified Record Docket (CR Dkt.) Entry 4. Hearings before the WCJ ensued.

In support of the Claim Petition, Claimant testified and presented four "encounter notes" and a letter completed by medical personnel at Rising Sun Health Clinic regarding his "uncontrolled moderate persistent asthma," and the treatment that he obtained for his condition, and indicating he should "be relocated to another account that uses less chemicals or greener cleaning supplies." *See* RR at 10a-16a, 22a-23a, 32a-34a, 40a-43a, 82a-95a. In opposition to the Claim Petition, Employer presented the testimony of Monica Velez, Employer's operational general manager, Robert Felipa, Employer's director of operations, and the Report of Daniel DuPont, D.O., of Suburban Pulmonary Medicine. *See id.* at 103a-106a.

On April 24, 2020, the WCJ issued a decision denying Claimant's Claim Petition in which he made the following relevant finding of fact:

> 19. This [WCJ], having thoroughly reviewed the evidentiary record, finds that even if he accepted as competent and credible all medical evidence of record, including Employer's medical evidence, the record is devoid of unequivocal medical evidence that Claimant's work environment caused the exacerbation of his preexisting asthma.

RR at 114a.

---

[2] By an April 29, 2019 Interlocutory Order, the WCJ denied Claimant's motion for relief under *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board (Madara)*, 423 A.2d 1125, 1127-28 (Pa. Cmwlth. 1981) (holding that an employer's failure to file a timely answer under the Act precluded the employer from presenting evidence of an affirmative defense to a claim petition). The WCJ's ruling in this regard is not at issue in this appeal.

Based on the foregoing, the WCJ concluded that "Claimant did not meet his burden of proof in connection with his Claim Petition[3] in that he did not present substantial, competent[,] and credible evidence that his injury was related to his work." RR at 114a. Accordingly, the WCJ issued an order denying and dismissing Claimant's Claim Petition. *See id.* at 115a.

On May 13, 2020, Claimant appealed the WCJ's decision to the Board alleging: (1) "[t]he [WCJ's] conclusions of law are not based upon competent facts"; (2) "[t]he [WCJ's] decision is not reasoned"; (3) "[t]he [WCJ's] findings of fact are erroneous and not based upon competent facts"; and (4) "[the r]esolution of conflicting facts, including credibility determinations[,] w[as] not made." CR Dkt. Entry 9. Ultimately, on June 3, 2021, the Board affirmed the WCJ's decision, *see* RR at 116a-23a, and Claimant filed the instant petition for review.[4]

---

[3] As this Court has observed:

> In a claim for [WC benefits], "the claimant has the burden of establishing the right to compensation and all of the elements necessary to support an award." A claimant who has a pre[]existing condition and is alleging an aggravation of that pre[]existing condition is entitled to compensation if he or she shows (1) that the injury, or aggravation, arose in the course of employment, and (2) that the injury was related to that employment. . . . In order to satisfy the second requirement, [the] claimant must establish a causal connection between h[is] work and the disabling injury. Where the causal connection is not obvious, unequivocal medical testimony is required. The determination that medical evidence is unequivocal is a legal conclusion and is fully reviewable by this Court.

*Povanda v. Workmen's Compensation Appeal Board (Giant Eagle Markets, Inc.)*, 605 A.2d 478, 481 (Pa. Cmwlth. 1994) (citations omitted).

[4] "Our review in [WC] proceedings is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, and whether necessary findings of fact are supported by substantial evidence." *Montano v. Advance Stores Co., Inc. (Workers' Compensation Appeal Board)*, 278 A.3d 969, 976 n.3 (Pa. Cmwlth. 2022) (citation omitted).

3

The sole claim raised by Claimant in this appeal is that this Court should vacate the Board's order and remand the matter to the WCJ for a full and fair opportunity to present his case because former counsel negligently failed to submit evidence of causation to support Claimant's burden of proof. *See* Brief of Petitioner at 24 ("Claimant is asking for the opportunity to present his case before the [WCJ] with current counsel, which is essentially a request for a new hearing.").

In support, Claimant cites *Bickel v. Workmen's Compensation Appeal Board (Williamsport Sanitary Authority)*, 538 A.2d 661 (Pa. Cmwlth. 1998). However, Claimant's reliance on *Bickel* is misplaced. In that case, the claimant sought "our review of the order of the [Board] . . . denying [his] request for a remand pursuant to Section 419 of [the Act], 77 P.S. §852, and the Board's order . . . denying [his] request for a rehearing pursuant to Section 426 of the Act, 77 P.S. § 871." *Id.* at 662.[5] In contrast, as outlined above, Claimant did not submit a request for either a remand or a rehearing to the Board in this case.

As this Court has explained:

> We observe that the authority to grant a rehearing is statutory and within the Board's sound discretion. *King v. Workmen's Compensation Appeal Board (Mackintosh Hemphill)*, [534 A.2d 1144, 1146 (Pa. Cmwlth. 1987)]. Specifically[,] Section 426 of the Act, 77 P.S. §871, provides in relevant part:
>
> > The [B]oard, upon petition of any party and upon cause shown, may grant a rehearing of any petition upon which the [B]oard has made an award or disallowance of

---

[5] In *Bickel*, we ultimately held "that the Board abused its discretion when it did not order a rehearing to give the [claimant] an opportunity to show that medical evidence was available which was not presented due to his counsel's negligence," and that "[i]f the Board is satisfied that those are the true circumstances, it then shall proceed to redetermine the [claimant's] claim in light of that evidence." *Bickel*, 538 A.2d at 663.

> compensation or other order or ruling, or upon which the [B]oard has sustained or reversed any action of a [WCJ]; but such rehearing shall not be granted more than eighteen months after the [B]oard has made such award, disallowance or other order or ruling, or has sustained or reversed any action of the [WCJ].
>
> This [C]ourt in the first instance cannot consider a request for rehearing without such determination first being made by the Board. *King*.

*Thissen v. Workers' Compensation Appeal Board (Tri-Boro Concrete, Inc.)*, 842 A.2d 536, 539-40 (Pa. Cmwlth. 2004); *see also King*, 534 A.2d at 1146 ("In the case at hand, [the claimant] has made no request for rehearing to the Board regarding introduction of [the enumerated evidence]. We cannot, in the first instance, consider this matter.") (citation omitted); *Frontier Insurance Company in Rehabilitation v. Workers' Compensation Appeal Board (Blanchard)* (Pa. Cmwlth., No. 397 C.D. 2009, filed December 15, 2009), slip op. at 4 n.2 ("We note that [the insurer] requests a remand for presentation of the [enumerated evidence]. However, this Court in the first instance cannot consider a request for rehearing without a determination first being made by the [Board]. *Thissen*.").[6] Because Claimant never asked the Board for a remand or a rehearing, we cannot grant the requested relief.[7]

---

[6] *See also generally* Pa.R.A.P. 126(b) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. Non-precedential decisions . . . may be cited for their persuasive value."); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *City of Pittsburgh v. Workers' Compensation Appeal Board (Wright)*, 90 A.3d 801, 811 (Pa. Cmwlth. 2014) ("If an issue is waived, it is waived for all purposes. *See* Pa.R.A.P. 302(a). . . .").

[7] "It is well settled that this Court may affirm a Board order on any basis appearing in the record." *Montano*, 278 A.3d at 978 n.6 (citation omitted).

Accordingly the Board's order is affirmed.[8]

_____
MICHAEL H. WOJCIK, Judge

---

[8] Employer's December 17, 2021 Motion to Quash Claimant's petition for review is dismissed as moot. *See, e.g.*, Pa.R.A.P. 105(a) ("These rules shall be liberally construed to secure the just, speedy, and inexpensive determination of every matter to which they are applicable."); Pa.R.A.P. 1513(d)(5) (stating that the petition for review shall contain "a general statement of the objections to the order or other determination, but the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record"); *In re Tax Claim Bureau, German Township, Mt. Sterling 54 1/2 Acres, Miscellaneous Buildings*, 436 A.2d 144, 146 (Pa. 1981) ("Form must not be exalted over substance, and procedural errors must not be dispositive where there has been substantial compliance with the rules and no prejudice has resulted from purely technical error.") (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hector Garcia,                          :
                                        :
                    Petitioner          :
                                        :
          v.                            :  No. 969 C.D. 2021
                                        :
Bravo Group Services, Inc.              :
(Workers' Compensation                  :
Appeal Board),                          :
                                        :
                    Respondent          :


# O R D E R


AND NOW, this 7th day of August, 2023, the order of the Workers' Compensation Appeal Board dated June 3, 2021 is AFFIRMED. Respondent's Motion to Quash Petitioner's Petition for Review is DISMISSED as moot.


_____
MICHAEL H. WOJCIK, Judge