Marguerita Musselman, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued September 15, 1978, before Judges MENCER, BLATT and MACPHAIL, sitting as a panel of three.

*Niles Schore,* for petitioner.

*Edward P. Carey,* Assistant Attorney General, with him *Linda M. Gunn,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, January 5, 1979:

Marguerita Musselman (Claimant) appeals from an order of the Department of Public Welfare (DPW) affirming the delay in transfer of Aid for Dependent Children (AFDC) benefits by the Columbia County Board of Assistance (Board) from Claimant's mother to Claimant by reason of the transfer of physical cus-

tody of the Claimant's minor child from Claimant's mother to the Claimant.

Factually, the record shows that the child in question had lived with her grandparents since birth in 1973, except for a period of one month when she resided with the Claimant. On March 4, 1977, the child began to live with her mother again. There is some dispute as to whether the first notice that this event was going to occur was given on February 16, 1977, or on February 22, 1977. However, we are of the opinion that that date is not relevant to a disposition of the issue raised before us. On March 13, 1977, the change of physical custody was verified by a Board caseworker's home visit. Previously, the Claimant had been asked to arrange a meeting among the Claimant, the caseworker and the Claimant's mother. This the Claimant said could not be arranged because of her mother's antagonistic attitude toward the transfer of custody.

Claimant began to receive AFDC benefits for the child as of April 5, 1977. The grandparents received the child's AFDC benefits for the month of March.

The dispute is whether the Board acted promptly to secure a transfer of benefits from the grandparents to the Claimant. Claimant says the Board did not do so, and thus they were in violation of pertinent regulations of the Department, the provisions of the Pennsylvania Public Welfare Code and the provisions of the Social Security Act.

The Board and the Department found from the record that the Claimant herself did not comply with reasonable requests, made by the Claimant's caseworker, to ascertain that the change in physical custody not only had occurred but was going to be permanent. They also found that once it had been ascertained through a home visit that the transfer had occurred

and that there was at least a reasonable expectation that the transfer would be permanent, the Board thereafter acted with reasonable promptness to effect a redetermination of benefits for the Claimant based upon the change in the child's custody.

It is also clear from the record that Claimant knew that AFDC benefits had been paid to her parents for the period in question and that she was satisfied that they should keep them.[1]

Our scope of review in cases of this nature is limited to a determination of whether the adjudication was in accordance with law, whether constitutional rights were violated and whether all necessary findings of fact were supported by substantial evidence. *Skehan v. Department of Public Welfare,* 30 Pa. Commonwealth Ct. 419, 373 A.2d 1364 (1977). No constitutional questions have been raised in this appeal. We hold that there was substantial evidence to support the findings of the Board and the Department, and that those findings support the legal conclusion that the Claimant was not entitled to AFDC benefits for the period from March 4, 1977, to April 5, 1977.

### ORDER

AND Now, this 5th day of January, 1979, the order of the Commonwealth of Pennsylvania, Department of Public Welfare, entered May 2, 1977, affirming the action of the Columbia County Board of Assistance in denying Aid For Dependent Children benefits to Marguerita Musselman for the period prior to April 5, 1977, is affirmed.

---

[1] Vaughan: Did your parents give you any money during the month of March (inaudible) your care of Carrie Ann?

Musselman: No, my father said he couldn't come up with the money and I said that's fine, you keep it.