Emily Felker, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued February 7, 1980, before Judges Crum-
lish, Jr., Mencer and Craig, sitting as a panel of
three.

*Jonathan E. Butterfield,* with him *Lynn R. Mader*
and *Niles Schore,* for petitioner.

*Mary F. Grabowski,* Assistant Attorney General,
with her *Linda M. Gunn,* Assistant Attorney General,
for respondent.

Opinion by Judge Mencer, March 12, 1980:

On August 15, 1978, Emily Felker (Felker) applied
for a special grant from the Columbia County Board
of Assistance for the costs of moving[1] from a house

---

[1] The cost of moving, being the amount of money at issue here,
was $171.08.

she was renting because she claimed her inability to keep the house warm was detrimental to her health. The application was denied on August 24, 1978. Felker appealed and, after hearing, her appeal was denied by a hearing examiner. The decision of the hearing examiner was affirmed on November 16, 1978 by the Department of Public Welfare (DPW). This appeal followed and we reverse.

Felker is 54 years old and receives Supplemental Security Income (SSI) benefits as a disabled individual. Her health problems include arthritis and pulmonary fibrosis. During the winter of 1978, Felker suffered from pneumonia, and her physician advised public assistance officials that, because of the condition of her health, she needed to live in a warm home.

The house she was living in prior to the move in question could have been heated to a temperature level compatible with her doctor's advice, but the cost of doing so would have been high because the insulation in the house was inadequate. Felker's income was $366.80 per month and her expenses, utilizing 1977-78 fuel costs, were approximately $371.35.

DPW has promulated regulations for moving allowances for SSI recipients. The pertinent portion of the regulation applicable to the instant case[2] provides that SSI recipients will be eligible for a one-time allowance for moving expenses provided that the recipient must move because his present home is detrimental to his health and welfare.

The issue here is whether the move by Felker was because the inadequately heated house was detrimental to her health and she lacked the financial ability to remedy the problem or because of an economic concern on her part as to the cost of heating the house to the desirable temperature. Our scope of review is lim-

---

[2] The regulation is found at 55 Pa. Code §297.3(1)(1)(ii) and is designated as PAEM 175.23(b)(3)(ii).

ited to a determination of whether the adjudication was in accordance with law, whether constitutional rights were violated, and whether all necessary findings of fact were supported by substantial evidence. *Musselman v. Department of Public Welfare,* 39 Pa. Commonwealth Ct. 537, 395 A.2d 1047 (1979). We are also mindful that it is well settled that an agency's interpretation of its own regulation is entitled to great weight. *State Dental Council & Examining Board v. Pollock,* 457 Pa. 264, 318 A.2d 910 (1974).

However, we must conclude on this record that DPW's adjudication was not in accordance with its own regulation. The regulation in question provides for an allowance for moving expenses if the move is brought about by the fact that the recipient's present home is detrimental to his health. DPW's conclusion that the move was not necessary was based solely on its contention that, if enough money were spent for heating oil, the house could be kept sufficiently warm, with the consequence that it would not be detrimental to Felker's health. This reasoning and oversimplification totally overlooks the recipient's limited financial resources.

We must contrast DPW's restricted view of the matter with the record evidence that (1) Felker suffers from arthritis and pulmonary fibrosis, (2) the rented house in which she was living was poorly insulated, (3) she was unable to adequately heat the house during the winter prior to her moving, (4) she developed pneumonia while living in the house the winter prior to her moving, (5) Dr. Frederick Jones stated that her health required that she live in a warm house and that any home which is not capable of keeping her warm is detrimental to her health, (6) during the previous winter she had unsuccessfully tried to raise the heat by turning up the thermostat and consuming additional heating oil, (7) Felker's expenses exceeded

her income, (8) she had no source of funds to add insulation or repair the house.

We are of the view that the refusal of DPW, on this record, to perceive the Felker home as detrimental to her health and the move therefrom to be necessary resulted in its adjudication's being incompatible with its own regulations and consequently not in accordance with applicable law.

This case brings to mind the following portion of Judge (now President Judge) CRUMLISH's concurring opinion in *Travis v. Department of Public Welfare*, 2 Pa. Commonwealth Ct. 110, 118-19, 277 A.2d 171, 175, *aff'd*, 445 Pa. 622, 284 A.2d 727 (1971):

> I have found that all too often in the administration of the Commonwealth's programs designed to benefit its citizens, the needs of these beneficiaries give way to the strict adherence to agency policies and guidelines. The very people engaged to aid the disadvantaged are hindered in the best performance of their duties by the unnecessary rigidity of the decision making apparatus inherent in the American bureaucracy. Governments seem afraid to allow their grass roots employees to deal with people *as people* with individual needs and problems. This seems especially true in the area of public assistance.

> The implementation of public welfare systems in this country, including that in Pennsylvania, seem premised on the philosophy that each applicant should be channeled through to receive any 'hand-out' to which he or she can prove *entitlement*. This loses sight of the fact that welfare is not a 'hand-out' system but a program designed to *rehabilitate* or maintain those persons not able to rehabilitate or maintain themselves. By doing this, we hope to enhance the public welfare of this *entire* nation.

But rehabilitation and economic and social stability cannot be channeled through rigid programs. It must be the purpose of every welfare agency in this country to attack and solve the problems of every disadvantaged *individual.* (Emphasis in original.)

Accordingly, we make the following

### ORDER

AND Now, this 12th day of March, 1980, the decision of the Department of Public Welfare, affirming the denial of an appeal by Emily Felker from a decision of the Columbia County Board of Assistance that Emily Felker was ineligible for a moving allowance, in the amount of $171.08, is hereby reversed.

President Judge BOWMAN did not participate in the decision in this case.