Peggy Feagins, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued April 8, 1981, before President Judge CRUMLISH and Judges BLATT and MacPHAIL, sitting as a panel of three.

*James D. Belliveau,* for petitioner.

*Catherine Stewart,* Assistant Attorney General, for respondent.

OPINION BY JUDGE MacPHAIL, June 4, 1981:

Peggy Feagins (Petitioner) appeals from the order of the Department of Public Welfare (Department) that affirmed the decision of the Allegheny County Board of Assistance to discontinue Aid to Families with Dependent Children (AFDC) and medical assistance to Petitioner's three minor children.[1]

---

[1] Petitioner had also been receiving AFDC assistance but did not appeal the termination of her own assistance due to the fact that her common-law husband had assumed the responsibility of supporting her. Petitioner's assistance was terminated effective January 15, 1979.

The facts of this case are not in dispute. On December 20, 1978 a redetermination interview was conducted at which time Petitioner reported that: 1) her monthly gross earned income had increased to $608.33; 2) one of her children would be leaving the household; 3) her common-law husband would be moving into the household and would support Petitioner and one of her children; and 4) her three minor children living in the household would continue to require AFDC assistance.

The dispute in this case centers around the appropriate method to be used in computing the amount of Petitioner's income which is available to meet the needs of her three minor children. The level of available income is then used to determine eligibility. The County Assistance Office (CAO) computed available income according to Section 183.44(b) of the Public Assistance Manual (Manual), 55 Pa. Code §183.44(b).[2] Using that method of calculation, which applies where dependents are seeking or receiving assistance, Petitioner's children were determined to be ineligible for AFDC assistance. Petitioner does not challenge the mathematics of that calculation. Instead, Petitioner argues that the CAO should have used the calculation method provided by Section 183.44(*d*) of the Manual, 55 Pa. Code §183.44(d), rather than that of Section 183.44(*b*). Due to the availability of an earned income

[2] 55 Pa. Code §183.44(b) provides, in part, as follows:

*Spouse and parent of unemancipated minor child.* Spouse refers to the legally married person, including common-law. Child refers to natural or adopted. The term 'dependent' as used in this section will be limited to the aforementioned relationships of persons living with the spouse or parent. It will not include steprelationship. The income considered available to the dependent or dependents applying for or receiving assistance will be arrived at by deducting allowances for his living expenses from the income of the spouse or parent.

incentive deduction under Section 183.44(d), the calculation of income under that section would render Petitioner's children eligible for AFDC assistance.

Thus, the issue for our determination is which method of income calculation, that of Section 183.44 (b) or Section 183.44(d), should be applied in the instant case.

Our scope of review of a DPW decision is limited to a determination of whether an error of law was committed, whether constitutional rights were violated, and whether all the necessary findings of fact were supported by substantial evidence. *Felker v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 90, 411 A.2d 1297 (1980).

Section 183.44(d) of the Manual provides, in pertinent part:

> *Methods to compute the income of AFDC or AFDC-CU grant groups.* The following methods will be employed to compute the income that affects the grant:
>
> (1) For *recipients or applicants who have been recipients of an AFDC or CU cash grant within four months of the current application* the following will be applied:
>
> (i) The gross monthly earned income in the grant group will be totaled in accordance with subsection (c) of this section. . . .
>
> (ii) The earned income incentive deduction will be deducted from this total in accordance with subsection (e) of this section. . . .
> (Emphasis added.)

It is undisputed that Petitioner *herself* was a recipient of AFDC assistance at the time of the redetermination interview and until January 15, 1979 when her assistance was terminated. Petitioner argues that she, therefore, is included within either the category of

"recipients" or of "applicants" who have received an AFDC cash grant within the preceding four months. She concludes that income should, accordingly, be calculated under Section 183.44(d). The Department argues, on the other hand, that Petitioner falls within neither the category of "recipients" nor "applicants" and that in order for Section 183.44(d) to apply, the Petitioner must be a member of the grant group which is seeking AFDC assistance. We agree with the Department's analysis.

Section 183.44(d) is titled, "Methods to compute the income of AFDC . . . grant groups." The group seeking an AFDC cash grant in the instant case consists of Petitioner's three minor children. "Recipient" is defined in the Manuel as "[a]n individual who has been determined to be eligible to receive AFDC." 55 Pa. Code Ch. 167, App. D. Petitioner admits that since her husband is to support her, she is no longer eligible for AFDC. It is clear, therefore, that she is not a "recipient" for purposes of computing income under Section 183.44(d). Petitioner is also not an "applicant" in her own right under that section. "Applicant" is defined in Section 123.22 of the Manual, 55 Pa. Code §123.22, as:

> An adult . . . *who indicates* to the County Office *that he wants to receive assistance,* and whose application for assistance has not been disposed of. The adult with whom an unemancipated minor lives and who is exercising responsibility for the care and control of the minor, . . . shall be the applicant *in the behalf of the child.* (Emphasis added.)

We conclude from this language that while Petitioner may be an applicant on behalf of her children, she clearly is not an applicant in her own behalf. We, therefore, agree with the Department that *Petitioner*

is not an applicant or a recipient under Section 183.44 (d).[3]

We might resolve from these findings alone that Section 183.44(d) is inapplicable to a determination of the continuing eligibility of Petitioner's children. However, we consider the most compelling of the Department's arguments to be that the *wage earner* must be a member of the grant group seeking AFDC assistance in order to claim the favorable income incentive deduction allowed by Section 183.44(d). Section 183.44(e) provides, in part, that:

> As an incentive to *eligible AFDC . . . clients* to obtain and retain employment, the first $30 of the total monthly gross earned income in the grant group . . . plus 1/3 of the remainder will be disregarded. (Emphasis added.)

Thus, the incentive is aimed at "eligible AFDC clients." A "client" is defined as an "[a]pplicant or recipient." 55 Pa. Code §175.22. Since Petitioner is neither an eligible applicant nor a recipient, this incentive is not directed at her and is inapplicable in deriving income available to her children. Federal regulations support and require this conclusion. The regulations, found at 45 C.F.R. §233.20(a)(11)(ii) provide, in pertinent part, as follows:

> A State Plan for . . . AFDC . . . must, as specified below:
>
> . . . .
>
> (ii) Provide for the disregard of:
> (a) All of the earned income of any child receiving AFDC . . . ; and

---

[3] Petitioner has not argued that she is claiming the income incentive deduction on behalf of her children who comprise the grant group in this case. Such an argument, if presented, would ultimately fail, however, for the reasons discussed in the remainder of this opinion.

(b)   The first $30 of the total of earned income for a month *of all other individuals whose needs are included in the family grant,* plus one-third of the remainder of their earned income for the month; .... (Emphasis added.)

This language, as well as that of the Department's implementing regulations, makes it clear that in order for the income incentive deduction to apply to Petitioner's income, she would have to be included as a member of the group seeking AFDC assistance. Since she obviously is not a member of the grant group, Section 183.44(d) is inapplicable.

We, accordingly, affirm the Department's use of the Section 183.44(b) calculation and the resulting denial of AFDC assistance to Petitioner's three minor children.

## ORDER

AND Now, this 4th day of June, 1981, the final administrative action of the Department of Public Welfare, dated February 22, 1979, Case No. L 181,170-C, is hereby affirmed.