Sandra Taylor, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued April 7, 1983, before Judges BLATT, CRAIG and DOYLE, sitting as a panel of three.

*Elizabeth Petry,* with her *Lawrence M. Schall,* for petitioner.

*Joel M. Ressler,* Deputy Attorney General, with him, *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 23, 1983:

Sandra Taylor (petitioner) appeals here from an order of the Department of Public Welfare (DPW) which affirmed a hearing examiner's determination that she was not eligible to have the standard earned income incentive deduction used in the calculation of her public assistance grant.

The petitioner had been receiving Aid to Families with Dependent Children (AFDC) on behalf of her child, but had not received any aid on her own behalf

because she was an unemancipated minor living with her parents. Thereafter, she left her parents' home and applied for AFDC on behalf of herself and her child. The DPW denied the AFDC grant because it found that the petitioner's income exceeded the standard of need for a two-person AFDC household, and that she had not been a "recipient" within the last four months. She appealed this determination, arguing that she was entitled to a "30 and one-third" earned income incentive deduction, which, if applied to her income, would entitle her and her child to an AFDC grant and derivative medical assistance coverage.

The applicable state regulations in effect at the time of the petitioner's application provided an earned income incentive deduction of $30 plus one-third of the remaining income to "recipients or applicants who have been recipients of an AFDC . . . grant within four months of the current application." 55 Pa. Code §183.44(d)(1) (similar provision now found at 55 Pa. Code §183.44(a)(2)(iii)). "Recipient" is defined as "an individual who has been determined to be eligible to receive AFDC." 55 Pa. Code §167, Appendix D. It is undisputed here that the petitioner has never been determined to be eligible to receive AFDC. Furthermore, the fact that she had been receiving AFDC "on behalf of" her child, does not render her a recipient on her own behalf. *See Feagins v. Department of Public Welfare*, 59 Pa. Commonwealth Ct. 470, 430 A.2d 364 (1981). We believe, therefore, that the appellant was not a "recipient" within four months of the current application, and was not entitled to an earned income incentive deduction under the applicable state regulations.

The petitioner next argues that the state regulations violate controlling federal law. Federal law in

172

effect at the time of her application provided that the earned income incentive deduction was not available where, as here, *the income of the applicants was greater than their needs, "unless,* for any one of the four months preceding such month, the needs of such person were met by the furnishing of aid under the plan." 42 U.S.C. §602(a)(8)(D) (emphasis added) (similar provision now found at 42 U.S.C. §602 (a)(8)(B)(ii)(I)). Here, it is undisputed that the petitioner's income is greater than her and her child's needs, and, inasmuch as the exception set forth above does not apply here, she is not entitled to the earned income incentive deduction under federal law, either.

Here, the state regulations and the federal regulations are similar and achieve the same result. We do not see any indication that the state regulations violate federal law.

We will, therefore, affirm the order of the DPW.

ORDER

AND Now, this 23rd day of June, 1983, the order of the Department of Public Welfare in the above-captioned matter is hereby affirmed.