Skyvue Terrace Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued April 30, 1984, before Judges Rogers, MacPhail and Barbieri, sitting as a panel of three.

*Clifford L. Tuttle, Jr.,* with him, *William H. Markus, Markus, Riethmuller & Smith,* for petitioner.

*Gwendolyn T. Mosley,* Deputy Attorney General, with her, *William D. Lenahan* and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE BARBIERI, September 12, 1984:

Skyvue Terrace, Inc., (Petitioner) is before us on consolidated appeals from orders of the Office of Hearings and Appeals of the Pennsylvania Department of Public Welfare (OHA): (1) an order of December 9, 1982 dismissing Petitioner's appeal from findings in an audit report and (2) from an order of January 4, 1982 denying Petitioner's request for reconsideration of the December 9, 1982 order; both orders adverse to Petitioner for untimely filing.

Petitioner's contention here is that each of the filings, the appeal from the audit and the request for reconsideration was timely filed, since each of such filings *was placed in the mail* within the time allowed for filing; respectively, 30 days from the audit notification on June 22, 1982, and 15 days from the order of December 9, 1982. In the first, the appeal from the audit findings, Petitioner's mailing took place on July 22, 1982, but it was not received for filing by OHA until July 26, 1982. Request for reconsideration was placed in the mail by Petitioner on December 23, 1982 and was received on December 27, 1982. Petitions for review of the December 9, 1982 order and the order on January 4, 1983 were timely filed with this Court. Petitioner's principal contention here is that Section

31.11 of the Regulations, which is found at 1 Pa. Code §31.11, must be construed to permit filing by mail within the appeal period to be timely rather than, as Regulation 31.11 provides, that the appeal must actually be received for filing at the office of OHA during the appeal period. Section 31.11 provides:

> Pleadings, submittals, or other documents required or permitted to be filed under this part, the regulations of the agency or any other provision of law must be received for filing at the office of the agency within the time limits, if any, for such filing. *The date of receipt at the office of the agency and not the date of deposit in the mails is determinative.* (Emphasis added.)

Despite this clear language requiring receipt rather than the mailing within the time prescribed, Petitioner offers three arguments in support of its contention that the time of mailing and not of receipt should be approved by us: (1) in the "scope" of the rules as described at 1 Pa. Code §31.1 there is a caveat concerning inconsistent rules and regulations;[1] §31.2 calls for liberality of construction of the rules and §§31.1 through 33.34 contain provisions that service of documents may be accomplished by mail and that the date of service of such a document would be the day when it was deposited in the mail; (2) that we should be persuaded by provisions of rules promulgated under the Health Care Facilities Act,[2] which also permit filing

---

[1] Section 31.1 in Subchapter A, General Provisions, of the General Rules of Administrative Practice and Procedure provides in Subsection (d) that "[t]his part is not applicable to a proceeding before an agency to the extent that the agency has promulgated inconsistent regulations on the same subject." No such agency regulations have been found by us or brought to our attention.

[2] Act of July 19, 1979, P.L. 130, *as amended*, 35 P.S. §§448.101-448.904.

of documents by mail, with the filing date to be the date of mailing; and (3) that the provision in Rule 121 of the Pennsylvania Rules of Appellate Procedure stating that "[s]ervice by mail is complete on mailing," should be influential in this case. We must disagree.

We note at the outset that our scope of review is limited to determination of whether the agency action appealed from is in accordance with law, whether constitutional rights have been violated, and whether necessary findings of fact are supported by substantial evidence. *Felker v. Department of Public Welfare,* 50 Pa. Commonwealth Ct. 90, 411 A.2d 1297 (1980). Since on these appeals, there are no factual issues and no constitutional question has been raised, we are concerned only with whether or not the orders of OHA are rendered in accordance with law. Believing that they are, we will affirm.

Section 31.11, quoted above, we believe leaves no uncertainties for the kind of interpretation urged upon us by Petitioner. Unlike the examples advanced by Petitioner, the requirement for filing here is that the matter filed be "received . . . at the office of the agency within the time limits . . ." and that the "date of receipt . . . not the date of deposit in the mails is to be determinative." We find no merit in Petitioner's arguments that we can engage in an exercise in indulgence by liberal construction to change the clear meaning of such terms, or by reference to patently distinguishable provisions relating to other forms of filings. We find that Section 31.11 is too precise and specifically controlling to allow for construction as to the timeliness of the appeals here; that time limitations or the manner in which they may be exercised as to other forms of submission, such as the filing of documents, can have no application here and that reference to Rule 121 of the Rules of Appellate Procedure

is futile, particularly since Rule 103 of those rules entitled "Scope of Rules" limits the application of the Rules to "practice and procedure in the Supreme Court, the Superior Court and the Commonwealth Court . . . [and] . . . in appeals to such courts from lower courts and the procedure for direct review *in such courts* of determinations of government units." (Emphasis added.) In any event, Subdivision (a) of Rule 121, provides as to filing by mail that "except as otherwise provided by these rules filing shall not be timely unless the papers are *received* by the Prothonotary within the time fixed for filing." (Emphasis added.) The provision relied upon by Petitioner appears in Subsection (c) which has to do with the manner of service of papers *which have been filed.*

Accordingly, since we find no merit in Petitioner's contentions and that the orders appealed from are in accordance with law, we will affirm.[3]

ORDER IN 55 C.D. 1983

Now, September 12, 1984, the order of the Department of Public Welfare, Office of Hearings and Appeals, dated December 9, 1982, is hereby affirmed.

---

[3] While affirming, we wish to note a difference in the language used to advise Petitioner of its appeal rights: in the audit letter of June 22, 1982, the recipient is advised that "you must file your appeal within thirty (30) days of the date of this letter," whereas the notice of December 9, 1982 dismissing the appeal from the audit for untimely filing and advising that reconsideration could be sought within fifteen (15) days, states that a dissatisfied "party may request reconsideration by providing written reasons for the request and *must mail* that request to the Office of Hearings and Appeals, P. O. Box 2675, Room 303 CAB Building, Harrisburg. Pennsylvania 17105 within fifteen (15) days from the date of this Order." (Emphasis added). It is suggested that the possibility of confusion by a party as to time limitations might well be eliminated if the notice forwarded with each adjudication clearly spelled out that a timely filing could only be accomplished by receipt within the specified time periods.

ORDER IN 280 C.D. 1983

Now, September 12, 1984, the order of the Secretary of the Department of Public Welfare, dated January 4, 1983, is hereby affirmed.

