536 A.2d 485

Pritz Auto, Inc., Petitioner *v.* Commonwealth of Pennsylvania, State Board of Vehicle Manufacturers, Dealers and Salespersons, Respondent.

Argued November 16, 1987, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*Frederick J. Fanelli, James J. Riley and Associates, P.C.,* for petitioner.

*John F. Alcorn,* Assistant Counsel, Bureau of Professional and Occupational Affairs, with him, *Joyce McKeever,* Acting Chief Counsel, Department of State, for respondent.

*Michael O'S. Floyd,* with him, *Joseph D. Olivieri, Drinker, Biddle & Reath,* for intervenor, Chrysler Corporation.

OPINION BY JUDGE CRAIG, January 26, 1988:

Pritz Auto, Inc. (Pritz) appeals a decision of the State Board of Vehicle Manufacturers, Dealers and Salespersons (board) that dismissed Pritz's protest to the action of Chrysler Corporation (Chrysler) in establishing a new Dodge car and Dodge truck dealership at an existing Chrysler-Plymouth dealership, Seitzinger Motors, Inc. (Seitzinger). The board concluded that Pritz had not shown that good cause existed for barring the addition of the Dodge car and Dodge truck lines to Seitzinger.

The issues that Pritz raises on this appeal are (1) whether Chrysler's failure to provide written notice to Pritz and to the board as required by statute should be fatal automatically to the establishment of the new dealership, that is, whether the board committed error of law by proceeding to the good cause hearing despite the fact that Chrysler failed to give written advance notice of the dealership proposal, and (2) whether the board erred in its finding that good cause did not exist for prohibiting the proposed new dealership.

The principal facts relating to the first of these issues, as found by the board, are not in dispute. Pritz is located in Minersville, Schuylkill County, and is a licensed vehicle dealership that sells Chrysler, Plymouth, Dodge, and Dodge Truck products. Seitzinger is located in Frackville, Schuylkill County, and is a licensed vehicle dealership that, before November 22, 1985, sold only Chrysler and Plymouth products. Pritz is located within a ten-mile radius of Seitzinger as measured by a straight-line method; they are more than ten road miles apart by the ordinary and customary routes, although less than ten by one route.

Chrysler did not notify the board or Pritz in writing of its intention to establish an additional new vehicle dealership within ten miles of an existing same-line dealer; however, Nicholas Pritiskutch, principal of Pritz, had actual notice of Chrysler's agreement with Seitzinger in late 1985. Chrysler has no internal formal appeals procedure regarding the establishment of new dealerships. Pritz filed its protest with the board on June 19, 1986. Chrysler Corporation intervened in the proceeding, and it participated, along with Seitzinger and Pritz, at the formal hearing before board member Arthur Loch on August 25, 1986. The board rendered its decision on October 17, 1986, and Pritz timely appealed.

## Lack of Written Notice

The statute governing matters relating to the establishment and operation of new motor vehicle dealerships within the Commonwealth is the Board of Vehicles Act, Act of December 22, 1983, P.L. 306, *as amended,* 63 P.S. §§818.1-818.28. The particular section of that Act on which Pirtz bases its procedural arguments is section 18(a), 63 P.S. §818.18(a):

(a) **Additional or relocation of new vehicle dealers.**—In the event that a manufacturer seeks

to enter into a franchise establishing an additional new vehicle dealer or relocating an existing new vehicle dealer within or into a relevant market area where the same line-make is then represented, *the manufacturer shall in writing first notify the board and each new vehicle dealer in such line-make in the relevant market area of the intention to establish an additional dealer or to relocate an existing dealer within or into that market area.* Within 20 days after the end of any appeal procedure provided by the manufacturer, any such new vehicle dealer may file with the board a protest to the establishing or relocating of the new vehicle dealer. When such a protest is filed, the board shall inform the manufacturer that a timely protest has been filed, and that the manufacturer shall not establish or relocate the proposed new vehicle dealer until the board has held a hearing, nor thereafter, if the board has determined that there is good cause for not permitting the addition or relocation of such new vehicle dealer. (Emphasis added.)

The fact that Pritz is within a ten-mile radius of Seitzinger is critical because of the definition of "relevant market area" in section 2 of the Board of Vehicles Act, 63 P.S. §818.2:

'Relevant market area.' The area within a radius of 20 miles of an existing dealer or the area of responsibility defined in the franchise, whichever is greater, except that, where a manufacturer is seeking to establish an additional new vehicle dealer, the relevant market area shall be in all instances, except for cities of the first and second class which will be the area within a five-mile radius, the area within a radius of ten miles around the proposed site. Relevant market area

shall not apply to mobile home or recreational vehicle dealer or manufacturer agreements.

The board's Conclusion of Law Number 4 was as follows:

> 4. Chrysler's failure to comply with the notification requirement of Section 18(a) is not, per se, fatal to the establishment of a new dealership in Frackville, Pennsylvania.

Pritz notes that the portion of section 18 emphasized above, relating to written notice, is mandatory in its phrasing. Therefore, Pritz contends, the statute makes written notice a condition precedent to a good cause hearing, and it was error of law[1] for the board to hold the hearing rather than simply to grant Pritz's protest. Conceding that there is no authority interpreting the notice provision of section 18, Pritz finds an analogy in *James v. Southeastern Pennsylvania Transportation Authority*, 505 Pa. 137, 477 A.2d 1302 (1984), a case interpreting the notice provision of section 36 of the Metropolitan Transportation Authorities Act of 1963, Act of August 14, 1963, P.L. 984, 66 P.S. §2036,[2] and holding that plaintiff's failure to give notice meant that he failed to meet a condition precedent to the Commonwealth's consent to be sued, so that the action was properly dis-

---

[1] Our scope of review of an administrative agency order is limited to a determination of whether constitutional rights were violated, whether errors of law were committed, or whether necessary findings of fact were not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986); *Kirkwood v. Unemployment Compensation Board of Review*, 106 Pa. Commonwealth Ct. 92, 525 A.2d 841 (1987).

[2] The Act of April 28, 1978, P.L. 202, repealed 66 P.S. §2036. Later, legislation was passed requiring that notice of claim be served on all state and government units within six months of injury or accrual of a cause of action. 42 Pa. C. S. §5522.

missed. Pritz argues that its strict interpretation is necessary to avoid the practical effect of eliminating the notice provision from the statute, asserting that under the board's interpretation manufacturers would have no incentive to provide written notice if they could rely on notions of actual or constructive notice should an affected dealer later protest.

These arguments fail for several reasons. First, the board expressly noted in its opinion that it considered the case as if Seitzinger had not yet acquired the new franchises; that is, it did not consider the evidence offered by Chrysler reflecting dealer operations after Seitzinger began selling Dodge cars and trucks. The board reasoned that because such evidence would not have been available had Chrysler complied with the notice provision, any consideration of such evidence both would prejudice the protesting dealer and would in fact encourage manufacturers to ignore the notice requirement. Therefore, Pritz did not suffer prejudice in terms of the proof that it had to meet on the merits of the case because of Chrysler's failure to comply, and Chrysler did not benefit in this regard.

Second, we agree with the contention of Chrysler in its brief that the notice requirement of section 18 serves two purposes: (1) to make an affected dealer aware of his opportunity to protest, and (2) to supplement the overall statutory scheme for disposing of existing dealer protests expeditiously, in order to protect the interests of proposed dealers, manufacturers, and the public, as well as the interests of existing dealers. This latter purpose is illustrated by the fact that, after receiving written notice from the manufacturer, existing dealers are restricted to a twenty-day period (after exhaustion of any appeal procedure provided by the manufacturer) in which to file a protest, section 18(a), and by the fact that the board is required to decide any protest within 120 days of the time it is filed, section 7, 63 P.S. §818.7.

Although Chrysler argued before the board that Pritz's protest should be dismissed as untimely because Pritz filed some six months after it received actual notice, the board rejected that argument specifically because Chrysler failed to provide the written notice required by the statute. Chrysler and Seitzinger lost the benefit of the twenty-day filing rule, and Pritz was able to have its protest considered months later than otherwise would have been possible because of Chrysler's failure to comply with the written notice provision. Therefore, Pritz did not suffer prejudice to its right to protest the establishmesnt of the new dealership, the only right created by section 18(a), because of Chrysler's failure to comply, and Chrysler did not benefit in a manner that would be likely to encourage other manufacturers to ignore the notice requirement. Further, we do not find *James v. Southeastern Pennsylvania Transportation Authority* to be analogous. Very different policy considerations are involved when the legislature acts to limit suits against the Commonwealth as compared with when it acts to regulate the motor vehicle sales system within the Commonwealth in the public interest.

Finally, we note that the board, in deciding whether the new dealership was in fact located within the relevant market area of Pritz, expressly discussed evidence tending to show that Chrysler in good faith believed that it was not when Chrysler failed to provide written notice. In ruling on the issue of the timeliness of Pritz's protest, the board assumed that Chrysler's error in not providing such notice was in good faith. Clearly the board has not laid down a rule in this case that would prevent it from granting a protest in a situation where the record establishes that a manufacturer's failure to provide written notice was in bad faith.

*Merits*

In deciding whether good cause exists for not permitting a proposed dealership to be established within the relevant market area of protesting dealer, section 18(c) of the Board of Vehicles Act, 63 P.S. §818.18(c), guides the board:

(c) **Board to consider existing circumstances.**—In determining whether good cause has been established for not entering into or relocating an additional new vehicle dealer for the same line-make, the board shall take into consideration the existing circumstances, including, but not limited to:

(1) Permanency of the investment of both the existing and proposed new vehicle dealers.

(2) Growth or decline in population and new car registrations in the relevant market area.

(3) Effect on the consuming public in the relevant market area.

(4) Whether it is injurious or beneficial to the public welfare for an additional new vehicle dealer to be established.

(5) Whether the new vehicle dealers of the same line-make in that relevant market area are providing adequate competition and convenient customer care for the vehicles of the line-make in the market area which shall include the adequacy of vehicle sales and service facilities, equipment, supply of vehicle parts and qualified service personnel.

(6) Whether the establishment of an additional new vehicle dealer would increase competition and whether such increased competition would be in the public interest.

(7)    The effect the denial of relocation will have on a relocating dealer.

The board made findings of fact relating to the enumerated concerns as follows:

14.    Pritz Auto, Inc., relfects a permanent investment of its principals. (N.T. 33-40)

15.    Seitzinger Motors, Inc., reflects a permanent investment of its principals. (N.T. 225-240)

16.    Population in the relevant market area declined by less than 3% from 1970 to 1980. (N.T. 347-349)

17.    New vehicle registrations increased in the relevant market area by more than 9% from 1980 to 1985. (Exhibits R-27, R-30)

18.    Pritz Auto, Inc., would be the only Dodge and Dodge Truck dealer in the relevant market area if the protest succeeds. (N.T. 85)

19.    Dodge and Dodge Truck penetration in the Frackville sales locality was lower than the zone average in 1985. (Exhibit R-32; N.T. 436-38)

20.    Schuylkill County is split diagonally by Interstate 81 with Pritz on the South side of Interstate 81 and Seitzinger on the North. (R-31)

21.    Broad Mountain geographically separates Pritz and Seitzinger. (N.T. 78-79)

22.    The driving time between Pritz and Seitzinger is approximately 25 minutes. (N.T. 9)

As noted above, where no party raises constitutional issues, and where this court determines that an agency adjudicator did not commit error of law, our review of an agency adjudication is limited to determining whether substantial evidence supported the necessary findings of fact. *See* n. 1, *supra*. Pritz does not challenge any of the evidence on which the board based its find-

ings, but rather alleges that the board did not consider the evidence presented by Pritz's witnesses. Pritz also asserts that the board's decision must have been influenced by the fact that the dealership at issue was already operating rather than merely proposed.

Of course, the factfinder is charged with weighing evidence and resolving conflicts in testimony, and this court will not indulge in those processes but will defer to the factfinder's determinations unless there is no support for them in the record. *Middletown Township v. Pennsylvania Public Utility Commission,* 85 Pa. Commonwealth Ct. 191, 205, 482 A.2d 674, 683 (1984). Here, Pritz's arguments necessarily pertain only to the relative weight given by the board to conflicting evidence. Pritz is not able to show that the board's findings were not supported by substantial evidence.

Our review of the record indicates that the board's findings were supported by substantial evidence. Accordingly, we affirm the board's decision.

ORDER

Now, January 26, 1988, the order of the State Board of Vehicle Manufacturers, Dealers and Salespersons at File No. 86 60 0529, dated October 17, 1986, is affirmed.