549 A.2d 675

James E. Martin, Petitioner *v.* Commonwealth of Pennsylvania, Department of Environmental Resources, Respondent.

*Eugene E. Dice,* for petitioner.

*Zelda Curtiss,* Assistant Counsel, for respondent.

OPINION BY JUDGE SMITH, October 7, 1988:
Petitioner James E. Martin (Martin) appeals from the April 10, 1986 order of the Environmental Hearing Board (Board) which affirmed the Department of Environmental Resources' (DER) issuance of a compliance

order on December 14, 1983 citing Martin for failure to comply with provisions of an October 18, 1983 consent order and agreement. The decision of the Board is affirmed.

Questions presented for review are whether the Board's decision is supported by substantial evidence; whether the decision of the Board violated principles of due process of law; and whether the Board abused its discretion in refusing to admit evidence showing the absence of any adverse environmental effect caused by the alleged violation.

The 1983 consent order entered into between Martin and DER imposed obligations on Martin to update, in compliance with the Surface Mining Conservation and Reclamation Act (Act),[1] erosion and sedimentation controls at the surface coal mining site operated by Martin. Paragraph 4(a) of the 1983 consent order specifically required Martin to develop and implement an erosion and sedimentation control plan (Plan) by December 5, 1983 and also by that same date to submit the Plan to DER for its approval. Martin submitted the Plan on December 6, 1983 which DER stipulated at trial was a de minimis violation. N.T., pp. 275-80, July .30, 1985 Hearing.

Based upon an inspection of the mining site on December 8, 1983, DER found Martin to be in violation of the law in that he failed to install and implement the erosion and sedimentation controls as required by the 1983 consent order. As a consequence, DER issued the December 14, 1983 compliance order. On December 29, 1983, DER also sent a notice of proposed civil penalty which notified Martin that because of the violations set forth in the compliance order, Martin was liable for

---

[1] Act of May 31, 1945, P.L. 1198, *as amended,* 52 P.S. §§1396.1-1396.31.

a civil penalty of twenty thousand five hundred dollars ($20,500).

On January 19, 1984, Martin appealed the compliance order to the Board claiming that his obligations under the 1983 consent order were excused by the force majeure clause.[2] After hearing on April 10, 1986, the Board dismissed Martin's appeal, concluding that he failed to comply with the notification provisions of the force majeure clause. Hence, this appeal.

---

[2] The force majeure clause is contained in paragraph 17 of the 1983 consent order which states as follows:

Martin will have additional time to carry out any obligation assumed herein, in the event Martin is obstructed or delayed in the commencement, implemenation, or completion of any such obligation, *other than any obstruction or delay caused in whole or in part by Martin or by Martin's failure to submit a complete Plan or application under this Consent Order and Agreement,* by any act or delay due to vandalism, acts of God, work slowdown or stoppage, strike, unavailability of materials or labor, any delay or defaults of third parties under contract with Martin with respect to the obligations undertaken hereunder, or because of any other cause beyond the control of Martin, which, despite due diligence, Martin is unable to prevent. *Martin shall notify the Department by phone within five (5) days and in writing within ten (10) days of the date Martin becomes aware, or should have reasonably become aware, that such occurrence would cause delay or obstruction.* Such notification shall be made to the Mining Compliance Specialist, and shall include all relevant documentation such as copies of third party correspondence and documentation from an authorized representative of Martin specifying each of the excuses and Martin's efforts to perform its obligations on time. The failure of Martin to comply with the requirements of this paragraph specifically and in a timely fashion shall render this paragraph null and void and of no effect. The Department will extend the applicable compliance date for a period as necessary to compensate for the period of unavoidable delay, but in no event for a period which alone, or in conjunction with previous extensions, extends any compliance date for a total period greater than one hundred and eighty (180) days. Martin shall have the burden of proving any inability to comply with any obligation ordered in this Consent Order and Agreement. (Emphasis added.)

This Court's scope of review is limited to determining whether the Board committed constitutional violations, errors of law, or whether any necessary findings were unsupported by substantial evidence. *Haycock Township v. Department of Environmental Resources,* 108 Pa. Commonwealth Ct. 466, 530 A.2d 514 (1987).

Martin initially contends that his obligations under DER's 1983 consent order are excused because failure to implement the Plan was due to events beyond his control and that the record does not contain substantial evidence to support the Board's finding of non-compliance with notice provisions contained in the force majeure provision. Martin relies upon language which grants additional time to comply if he is "obstructed or delayed" in implementation of any obligation under the consent order by "any delay or defaults by third parties under contract with him." Martin arranged with an engineer to design the Plan for the mining site, but due to an unusually heavy workload, the engineer was unable to develop the Plan by December 5, 1983. Martin asserts that without the Plan, he was unable to implement the erosion and sedimentation controls and that by analogy to commercial contracts, the delay is excusable since implementation of the Plan was commercially impracticable.

In order to use a force majeure clause as an excuse for non-performance, the event alleged as an excuse must have been beyond the party's control and not due to any fault or negligence by the non-performing party. Furthermore, the non-performing party has the burden of proof as well as a duty to show what action was taken to perform the contract, regardless of the occurrence of the excuse. *Gulf Oil Corp. v. Federal Energy Regulatory Commission,* 706 F.2d 444 (3d Cir. 1983), *cert. denied,* 464 U.S. 1038 (1984). Acts of a third party making performance impossible do not excuse failure to per-

form if such acts were foreseeable. *Yoffe v. Keller Industries, Inc.*, 297 Pa. Superior Ct. 178, 443 A.2d 358 (1982).

Examination of the record reveals that Martin failed to establish that the events which led to his non-performance were beyond his control or that he used due diligence in attempting to perform his obligations under the 1983 consent order.[3] DER's order required Martin, not his engineer, to develop, implement and submit the Plan. The Board further found that Martin knew as of October 18, 1983, the date the agreement was executed, that he was required to submit the Plan to DER. Although Martin testified that he made twenty-five phone calls to his engineer from November 7, 1983 to December 3, 1983, the Board found that he was aware as early as November 7, 1983 that the engineer had difficulty in developing the Plan. Therefore, Martin should have known at least ten days prior to December 5, 1983 of the delay in implementing the controls which would take seven to ten days to install as opposed to the two to three days estimated by Martin.[4] Thus, it was foreseeable that Martin's engineer could not timely develop the Plan thereby requiring Martin to take alternate steps to comply, which he failed to do. The record further indicates that Martin never requested an extension of time from DER.

The force majeure clause required that Martin notify DER by telephone within five days and in writing

---

[3] Martin offered no evidence as to whether there existed any type of contract, oral or written, between himself and his engineer.

[4] Credibility determinations are for the Board. *Pritz Auto, Inc. v. State Board of Vehicle Manufacturers, Dealers and Salespersons*, 113 Pa. Commonwealth Ct. 89, 536 A.2d 485 (1988); *Department of Transportation v. Cumberland Construction Co.*, 90 Pa. Commonwealth Ct. 273, 494 A.2d 520 (1985), *appeal denied*, 513 Pa. 636, 520 A.2d 1386 (1987).

within ten days of the date Martin became aware or reasonably should have become aware that an occurrence would cause delay or obstruction. Martin notified DER by telephone on December 5, 1983 that he was unable to submit, install and implement the Plan by that date. N.T., pp. 114-117, July 29, 1985 Hearing. Martin also notified DER by letter dated December 9, 1983 of his inability to install and implement the Plan as required, but failed to provide DER with a date by which he would have the erosion and sedimentation controls installed. N.T., p. 116, July 29, 1985 Hearing. The record thus contains substantial evidence to support the Board's findings that Martin failed to properly notify DER within the required time periods after Martin became aware or should have become aware that delay would occur, the effect of which rendered the force majeure clause null and void. Martin's argument that notice was timely given since he became aware on December 2, 1983 that delay would occur is unsupported by the record.

Additionally, Martin incorrectly relies upon the Restatement (Second) of Contracts §251 (1979) as his obligation to perform is not dependent upon the occurrence or non-occurrence of any condition in a commercial contract. Martin's obligation to install erosion and sedimentation controls is mandated by the 1983 consent order. Accordingly, Martin's failure to perform is not excused. Further, Martin argues that failure to implement the Plan was due to bad weather and equipment breakdown, contingencies not provided for in the force majeure clause. In *Dorn v. Stanhope Steel, Inc.*, 368 Pa. Superior Ct. 557, 534 A.2d 798 (1987), the Superior Court held that contingencies not provided for in a written agreement will not ordinarily excuse performance.

Martin next argues that the Board's decision violated principles of due process as DER never informed Mar-

tin that his request for force majeure had been denied or that timeliness of notice was an issue. Martin also contends that DER should have provided an explanation for denial of his request for extension, yet the record demonstrates that Martin failed to expressly request an extension of time to implement the Plan. DER notified Martin by letter dated January 4, 1984 that a compliance order had been issued for failure to meet obligations under the consent order. N.T., p. 284, July 30, 1985 Hearing. Elements of due process are notice of government action and opportunity to be heard which were properly afforded to Martin. *See Barasch v. Pennsylvania Public Utility Commission,* 115 Pa. Commonwealth Ct. 147, 540 A.2d 966 (1988); *Taylor v. Weinstein,* 207 Pa. Superior Ct. 251, 217 A.2d 817 (1966). Moreover, a failure by DER to grant Martin relief under the force majeure clause is a discretionary act which the Board may disturb only where DER abused its discretion. *Haycock Township v. Department of Environmental Resources,* 108 Pa. Commonwealth Ct. 466, 530 A.2d 514 (1987); *Warren Sand & Gravel Co. v. Department of Environmental Resources,* 20 Pa. Commonwealth Ct. 186, 341 A.2d 556 (1975).

Finally, Martin contends that the Board abused its discretion in refusing to admit evidence of a lack of any adverse environmental impact in evaluating whether excusable delay occurred. In issuing discretionary compliance orders, DER must consider the reasonableness of its actions as well as reasonably foreseeable social and economic impact. *East Pennsboro Township Authority v. Department of Environmental Resources,* 18 Pa. Commonwealth Ct. 58, 334 A.2d 798 (1975). However, economic and environmental concerns may be ignored where, as here, DER's actions are nondiscretionary. DER's enforcement order was mandatory and therefore evidence as to the absence of any adverse environmen-

tal impact is irrelevant. *Rochez Bros., Inc. v. Department of Environmental Resources,* 18 Pa. Commonwealth Ct. 137, 334 A.2d 790 (1975); 25 Pa. Code §86.211. The Board thus did not abuse its discretion.

Accordingly, the decision of the Board is affirmed.

## ORDER

AND NOW, this 7th day of October, 1988, the order of the Environmental Hearing Board dated April 10, 1986 is affirmed.

This decision was reached prior to the resignation of Judge MACPHAIL.