548 A.2d 708

Bianchi Subaru, Inc., Petitioners *v.* Commonwealth of Pennsylvania, State Board of Vehicle Manufacturers, Dealers and Salespersons, Respondent.

*Thomas J. Minarcik,* with him, *Joseph T. Messina, Elderkin, Martin, Kelly, Messina & Zamboldi,* for petitioner.

*April L. McClaine,* Counsel for State Board of Vehicle Manufacturers, Dealers and Salespersons, with her, *Joyce McKeever,* Chief Counsel, for Bureau of Professional and Occupational Affairs, and *Velma A. Boozer,* Chief Counsel, for Department of State, respondents.

*Dennis A. Holtz,* for intervenor, Penn Jersey Subaru, Inc.

OPINION BY SENIOR JUDGE BARBIERI, October 18, 1988:

Bianchi Subaru, Inc. (Bianchi) appeals an order of the State Board of Vehicle Manufacturers, Dealers and Salespersons (Board) dismissing its petition protesting the locating of a new dealership in its market area.

Penn Jersey Subaru, Inc. (Penn Jersey) is the authorized distributor of Subaru parts and vehicles for the Commonwealth of Pennsylvania. Pursuant to a dealership agreement with Penn Jersey dated February 14, 1986, Bianchi is an authorized Subaru dealer.

By letter dated and received on December 10, 1986, Penn Jersey notified Bianchi of its intention to locate a new Subaru dealership within Bianchi's market area.[1] That letter reads in pertinent part as follows:

This letter is our notification to you that Penn Jersey Subaru, Inc. intends to appoint a

---

[1] *See* Paragraph 3 of Bianchi's formal Protest. "Relevant market area", is defined in Section 2 of the Board of Vehicles Act, Act of December 22, 1983, P.L. 306, *as amended,* (Act), 63 P.S. §818.2. The parties do not contest the fact that the proposed location for the additional dealer was within Bianchi's market area as so defined in the Act.

new Subaru Dealer in Irwin, Pennsylvania. This location is approximately 8.5 miles from your dealership facilities. We are required by Section 18 of the Vehicle Manufacturers, Dealers and Salespersons Act to give you this notice. Penn Jersey Subaru, Inc. has not established an appeal procedure to protest dealer appointments.

Bianchi sent a protest to the Board under a cover letter dated December 30, 1986. The protest was not received by the Board until December 31, 1986. By order dated January 13, 1987, the Board dismissed Bianchi's protest as untimely, pursuant to Section 18(a) of the Act.[2] That order provided that Bianchi could appeal the decision to dismiss its protest.

On January 28, 1987, Bianchi filed with the Board, an Amended Notice of Appeal and Amended Motion for Leave to File a Protest. By order dated June 29, 1987,[3] the Board denied Bianchi's appeal on the basis that the protest filed on December 31, 1986 was untimely.

The Board concluded that under the Act, Bianchi had 20 days from receipt of the notice to file a protest. Bianchi's protest was not received until the 21st day after the dealer received Penn Jersey's notice.

Section 18(a) of the Act provides in pertinent part:

(a) **Additional or relocation of new vehicle dealers.**—In the event that a manufacturer seeks to enter into a franchise establishing an additional new vehicle dealer or relocating an existing new vehicle dealer within or into a relevant market area where the same line-make is then represented, the manufacturer shall in writing

---

[2] 63 P.S. §818.18(a).

[3] By way of a stipulation, counsel for both Bianchi and Penn Jersey agreed to waive the 120 day time limit for final Board adjudications as set forth in section 7 of the Act, 63 P.S. §818.7.

first notify the board and each new vehicle dealer in such line-make in the relevant market area of the intention to establish an additional dealer or to relocate an existing dealer within or into that market area. *Within 20 days after the end of any appeal procedure provided by the manufacturer, any such new vehicle dealer may file with the board a protest to the establishing or relocating of the new vehicle dealer.*
(Emphasis added.)

Bianchi first contends that the twenty day appeal period in Section 18(a) only applies to situations where the manufacturer has an internal appeal procedure and that the Act is ambiguous with respect to an appeal period where, as in this case, there is no such procedure. As Penn Jersey has no internal appeal procedure, Bianchi argues it should be given a reasonable time in which to file a protest and that twenty-one days is reasonable. We disagree.

We do not see any ambiguity in the relevant portion of Section 18. That provision is simply stating that the dealer has twenty days to file a protest after exhausting *any* internal appeal procedure provided by the manufacturer. Where there is no such procedure, the protest must be filed within twenty days of receiving the notice that another dealer is being located in the same market area. If the Legislature had meant for the twenty day appeal provision to apply only in cases where the manufacturer had an internal appeal procedure, it would not have used the word "any" but would have instead directed that the appeal period begins to run after "the" internal appeal procedure has been exhausted.

The notice requirements in Section 18 serve to notify an affected dealer of his right to protest and "(2) to supplement the overall statutory scheme for disposing of existing dealer protests expeditiously, in order to pro-

tect the interests of proposed dealers, manufacturers, and the public, as well as the interests of existing dealers." *Pritz Auto, Inc. v. State Board of Vehicle Manufacturers, Dealers and Salespersons,* 113 Pa. Commonwealth Ct. 89, 94, 536 A.2d 485, 488 (1988). As we stated in *Pritz,* this latter purpose is reflected in the 120 day time limit for the Board to decide any protest, found in Section 7 of the Act, and by the fact that after receiving written notice from the manufacturer, the new vehicle dealer has twenty days, *after exhausting any appeal procedure* provided by the manufacturer in which to file a protest. Therefore, if there is no internal appeal procedure, the twenty days would begin to run from receipt of the Section 18(a) notice.

Pursuant to the rule of administrative procedure at 1 Pa. Code §31.11, a document is deemed filed when received by the agency rather than the date it is deposited in the mail. *Skyvue Terrace, Inc. v. Department of Public Welfare,* 85 Pa. Commonwealth Ct. 123, 482 A.2d 58 (1984).[4] Therefore, the Board correctly held that Bianchi's protest, filed twenty-one days after receipt of Penn Jersey's notice was untimely.

Bianchi next contends that Penn Jersey's notification letter of December 10, 1986, was insufficient under the Act. In support of this contention, Bianchi argues that in the letter Penn Jersey failed to explain (1) that the dealer could file a protest with the Board and (2) that it was taking the position that the dealer only had twenty days in which to file an appeal because there was no internal appeal procedure.

In order to comply with Section 18(a) of the Act, Penn Jersey simply had to notify the Board and Bianchi of its intention to establish another dealer in the rele-

---

[4] We note that the Board's regulations specifically provide that the rules of administrative practice and procedure are applicable to its proceedings. 49 Pa. Code §19.3.

vant market area. Not only did Penn Jersey comply with this provision but it also made reference to the Act and informed Bianchi that Penn there was no internal appeal procedure.[5] The letter of December 10, 1986, clearly complied with the Act's minimum notice requirements. Accordingly, we will affirm the order of the Board.

ORDER

AND NOW, this 18th day of October, 1988, the order of the State Board of Vehicle Manufacturers, Dealers and Salespersons dated June 29, 1987, at File No. 86 60 1872, is hereby affirmed.

This decision was reached prior to the resignation of Judge MACPHAIL.

---

[5] Penn Jersey is a Subaru *distributor* and Section 18(a) of the Act refers to notice provided by the *manufacturer* seeking to introduce another dealer into the relevant market area as well as the *manufacturer's* internal procedure. As Bianchi failed to raise this issue either before the Board or in its brief to us, the issue is deemed to have been waived. Pa. R.A.P. 1551(a) and 2116. We note however, that Section 9(a) and (b) of the Act, 63 P.S. §818.9(a) and (b) respectively, entitled "Unlawful acts of manufacturers", and "Additional unlawful acts of manufacturers", lists various acts which are unlawful if committed by manufacturers or by representatives of the manufacturers, including distributors.